No. 18,457.

R. F. CHAMBERS, *Appellant*, v. D. H. BANE, *Appellee.*

SYLLABUS BY THE COURT.

GARNISHMENT — *Publication Service Prematurely Set Aside.* An order made on motion of a defendant setting aside serv-· ice by publication, on the ground that the garnishee is not indebted to him, is erroneous where the question of such indebtedness is pending for trial upon an issue made between the plaintiff and the garnishee in proceedings relating to garnishment as provided in sections 228 to 248 of the civil code.

Appeal from Marion district court; ROSWELL L. KING, judge. Opinion filed December 6, 1913. Reversed.

*C. L. Harris,* of El Dorado; *W. P. Campbell,* of Wichita, and *M. C. Freerks,* of Jamestown, N. Dak., for the appellant.

*Albert Hoskinson, R. W. Hoskinson,* both of Garden City, *George J. Benson,* and *T. A. Kramer,* both of El Dorado, for the appellee.

The opinion of the court was delivered by

BENSON, J.: A question of practice only is presented. The plaintiff, Chambers, commenced an action by publication service against the defendant, Bane, a nonresident of Kansas, upon a judgment of a federal circuit court. H. F. Mott, an alleged debtor of the defendant, was personally summoned as garnishee. The garnishee answered denying that he was indebted to the defendant. The plaintiff thereupon served notice upon the garnishee that he elected to take issue upon the answer. Afterwards the defendant, Bane, upon special appearance moved to set aside the service by publication on the grounds that the court had no jurisdiction of the subject matter or person of the defendant

and that there was no property of or debts owing to
the defendant in Marion county. · The plaintiff objected
to any hearing upon the motion because the issue be-
tween himself and the garnishee wherein the question
of indebtedness should be tried was pending and unde-
termined, and for other reasons which need not be
considered.    The court overruled the objections and
heard the motion, upon evidence relating to proceedings
in foreclosure suits in Butler county, wherein Bane re-
covered judgments against Mott for about . $4600,
and an order for the sale of the mortgaged property to
satisfy the amount.    Other evidence was allowed tend-
ing to show a sale of the mortgaged property and an
assignment of the judgments by Bane to the purchaser..
The assignment was used, at it appears, in partial sat-
isfaction of the purchaser's bid made at the sheriff's
sale.

The proceedings in the suits in Butler county were
not completed when this hearing took place, and con-
firmation of the sale and distribution of the funds were
stayed until the proceedings in this action should be
determined.    Upon this and other evidence relating to
the proceedings in the Butler county suits, the district
court found that there was no debt due from the gar-
nishee to the defendant, and thereupon set aside the
service.    Afterwards the court dismissed the action.

All the proceedings incident to the service by pub-
lication, as well as the proceedings against the gar-
nishee, are conceded to be regular, but the defendant
contends that the court was without jurisdiction be-
cause the garnishee was not indebted to the defendant,
and therefore there was nothing to support the con-
structive service.    On the other hand, the plaintiff in-
sists that the question whether the garnishee was in-
debted to the defendant was at issue between the plain-
tiff and the garnishee as the statute directs, and that
this issue could not be forestalled upon a motion to set
aside the service.

The statute authorizing proceedings against garnishees provides that where a garnishee denies the indebtedness alleged in the plaintiff's affidavit, the plaintiff may take issue upon the answer, which issue shall stand for trial as a civil action. The trial of this issue is between the plaintiff and the garnishee, wherein the affidavit of the plaintiff upon which the garnishment is founded is deemed the petition and the garnishee's affidavit of nonliability the answer thereto. (Civ. Code, §§ 228-248.) The rights given by the statute are substantial, and a plaintiff is entitled to the remedies which it prescribes. The question of indebtedness upon which his right to hold the garnishee liable depends should be determined in the trial provided by the statute, and not upon a motion between the parties to the principal action. It should be observed that section 238 of the statute referred to in express terms provides that a defendant in such an action may intervene and defend in the proceedings against the garnishee upon any ground available to the garnishee. If there was any sufficient reason why the defendant should seek to prove that the garnishee was not in fact indebted to him, this section afforded the opportunity where the issue could be tried in the regular way.

Section 239 of the code provides that there shall be no trial of the issue with the garnishee until the plaintiff shall have judgment in the main action. It appears that the defendant failed to answer, and judgment should have been rendered, as requested, upon default. If upon the trial of the issue with the garnishee his liability should not be established, the main action will fail.

There is considerable discussion in the briefs concerning the fact of the alleged indebtedness of the garnishee. This question can not be considered. It must be tried as the statute provides.

Ballard v. Bank.

The order setting aside the service and the judgment dismissing the action are reversed, and the cause is remanded for further proceedings.