No. 32,282

M. I. Titus, *Appellant,* v. Art Vansickle et al., *Appellees.*

(50 P. 2d 972)

Opinion filed November 9, 1935.

*G. W. Sawyer,* of Liberal, for the appellant.

*L. L. Morgan* and *A. E. Kramer,* both of Hugoton, for the appellees.

The opinion of the court was delivered by

Dawson, J.: This is an appeal from a judgment in an action to recover on a promissory note, where the propriety and result of incidental proceedings in garnishment became the principal matter in controversy.

The pertinent and explanatory facts which gave rise to this lawsuit may be thus summarized:

In 1933 the defendant Art Vansickle was a tenant farmer in Stevens county. There had been some domestic turmoil between him and his wife; she had separated from him for a time; but in 1933 she had returned to him upon an agreement that their farming

affairs were to be managed by her and their grown son, Harry Vansickle. Their landlord, Bodecker, agreed to this arrangement in writing, thus:

"Nov. 1, '33.

"It is satisfactory that Art Vansickle assigns lease over to F. G. Vansickle and Son on [lands described].

"Landlord: W. J. Bodecker."

In accordance with the reconciliation agreement of Vansickle and his wife his bank account was informally assigned to his wife and son. Prior to such assignment it had stood in the name of "Art Vansickle and Son." Thereafter it stood in the name of "Vansickle & Son"; and in December, 1933, certain wheat-allotment moneys issued by the government to Art Vansickle were handed over by him to Mrs. Vansickle and deposited in the bank to the credit of the account of "Vansickle & Son." Certain debts of defendant were paid out of this deposit—seed loan, farm rent, and miscellaneous bills and charges. After the assignment of the bank account, Art Vansickle drew six checks on it which were honored and paid; but during the same period Mrs. Vansickle drew twenty-one checks and their son Harry Vansickle drew eighteen checks. Two small items of cash due Art Vansickle for pasture and feed prior to the reconciliation agreement between husband and wife, totalling $18.60, were deposited in the bank account of Vansickle & Son.

In August, 1933, defendant purchased an automobile from plaintiff, giving his promissory note due in ninety days in payment therefor. Defendant failed to pay, and this action was begun on December 26, 1933. Garnishment process was served on the bank, which answered that it was indebted to Art Vansickle in the sum of *five cents*, and no more. Plaintiff took issue on this answer, and the garnishee filed an amended answer, reciting some of the facts outlined above and averred that it was indebted to Vansickle and Son on checking account in the sum of $272.34 on the date it was served with garnishment process, but that—

"So far as this garnishee is informed this account is a partnership account and that said garnishee has been informed that the partnership consists of F. G. Vansickle and H. J. Vansickle."

Plaintiff's reply joined issue on the garnishee's answer. Mrs. Vansickle and Harry Vansickle filed an interplea, alleging that the moneys in the bank deposit to the credit of Vansickle & Son were

their moneys; that they constituted a farming partnership; that defendant Art Vansickle had no interest therein—excepting specific instances where they had authorized him to check on the account to pay for farm materials and supplies. Issues of fact raised by the garnishment pleadings were tried by the court. At the hearing, counsel for plaintiff remarked:

"My position on this is, I don't believe the court would have authority and power to determine the garnishment matter until there is a judgment or trial [in the main case] coincident with the garnishment proceedings."

The court made no ruling on this observation. Witnesses were called and testimony given on behalf of the interpleaders who assumed the burden. Evidence for plaintiff was then adduced, and the trial court found that aside from the items for pasture and feed ($18.60), which belonged to defendant and subject to garnishment, the balance of the deposit account was the property of the interpleaders and judgment was entered accordingly.

Plaintiff appeals, contending first that the issues in the garnishment proceedings should not have been decided until the cause of action in the main case had been adjudicated. This contention is correct, but what of it? The obvious reason for this rule of the civil code which directs that no trial shall be had in the garnishment action until the plaintiff shall have judgment in the principal action (R. S. 60-951) is that unless the plaintiff does recover judgment in the principal case it is of no importance to the garnishor whether the garnishee has or has not any money or other effects belonging to the defendant debtor.

But how is the plaintiff hurt in this case because the trial court departed from the rule of the code and tried and adjudicated the garnishment issues before judgment for plaintiff was rendered in the main case? The issues of fact touching the ownership of the bank deposit standing in the name of Vansickle & Son were fully tried and decided; and, however dissatisfied plaintiff may be as to the result, it is not suggested that another trial would bring about a different result—so far as this lawsuit is controlled by a determination of any dispute of fact.

Plaintiff's second contention is that "exemption" of the deposit from garnishment was neither pleaded nor proved. That may also be conceded. Plaintiff's criticism of the trial court's reference to "exemption" is based upon the following recital in the journal entry of judgment:

"Thereafter, and on June 27, 1934, the court having considered the evidence adduced and the law applicable to the issues involved in said hearing concludes and finds, that . . . the Moscow State Bank, a corporation, holds the balance of funds derived from a wheat-allotment check, and that the same should be released from said garnishment by reason of being *exempt,* and that the interpleaders acquired title to such funds by reason of the transfer thereof by defendant, Art Vansickle."

Whatever "exemption" privilege may have sanctified the wheat-allotment money prior to and during its passage from the control of the federal government until it reached the hand of defendant, it thereafter became part of the common mass of property within this state and subject to civil process under state law. See the analogous case of *State, ex rel., v. Shawnee County Comm'rs,* 132 Kan. 233, syl. ¶ 4, 294 Pac. 915, and citations. But be that as it may, the evidence to which the trial court gave credence was that prior to the commencement of the garnishment proceedings the moneys in the bank account which plaintiff sought to subject to garnishment had been assigned to Mrs. Vansickle and her adult son; and the elementary rule is that garnishment proceedings will only reach and sequestrate moneys, credits and the like which actually belong to the debtor, not such as have already been transferred to another person in good faith. (*Eggers v. Ross,* 103 Kan. 812, 176 Pac. 655; *H. & M. Tire Service Co. v. Combs,* 140 Kan. 35, 34 P. 2d 943.)

Another contention of plaintiff is that the demurrer to the evidence in behalf of the interpleader should have been sustained. Without quoting excerpts from the record, we think the testimony of Mrs. Vansickle and the evidence inherent in the landlord's agreement to accept herself and her son as farm tenants in lieu of defendant, and the relatively large dominion she and her son exercised over the wheat-allotment money after defendant delivered it to them and after it was deposited in the bank, and the seemingly credible and plausible explanation of the few checks drawn on the fund by defendant thereafter—these and other corroborating incidents fully justified the trial court's ruling on the demurrer to the interpleader's evidence.

There is nothing further in this appeal to justify discussion. No prejudicial error is made to appear, and the judgment is therefore affirmed.