No. 35,339

June E. Herd (Plaintiff), *Appellant*, v. Stanley N. Chambers (Defendant), and Wheeler-Kelly-Hagny Trust Company, (Garnishee), *Appellee.*

(122 P. 2d 734)

Opinion filed March 7, 1942.

*Emmet A. Blaes,* of Wichita, argued the cause, and *W. D. Jochems, J. Wirth Sargent, Roetzel Jochems,* all of Wichita, and *J. Francis O'Sullivan,* of Kansas City, Mo., were on the briefs for the appellant.

*E. P. Villepigue,* of Wichita, argued the cause, and *C. A. Matson* and *I. H. Stearns,* both of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

Wedell, J.: This is an appeal by the plaintiff from an order vacating and setting aside a default judgment in rem on the motion of the garnishee defendant. The principal defendant is not a party to the appeal and his rights or liability are not involved. The controversy is solely between plaintiff, the appellant, and the garnishee defendant, appellee.

The appellant, June E. Herd, a resident of the state of Missouri,

filed an action in the district court of Sedgwick county against the defendant, Stanley N. Chambers, also a resident of Missouri, to recover damages for the alleged breach of a marriage contract. Service on Chambers was by publication. A garnishee summons was served upon appellee, Wheeler-Kelly-Hagny Trust Company, in Sedgwick county. The garnishee defendant answered it had no property in its possession or under its control belonging to the defendant, Chambers, and was not indebted to him. Appellant, within the twenty-day period allowed by G. S. 1935, 60-945, served notice on the appellee that she elected to take issue on its answer and would maintain it to be liable as garnishee. The principal defendant, Chambers, defaulted. Appellant took judgment against Chambers by default in the sum of $25,000, the amount prayed for in her petition. The judgment was as follows:

"It is therefore ordered, adjudged and decreed that the plaintiff have and recover the sum of twenty-five thousand dollars ($25,000) compensatory damages, the same to be levied against and paid out of any and all properties, moneys, credits, goods, or assets whatsoever of the defendant in the hands of the Wheeler-Kelly-Hagny Trust Company and *subject to the garnishment proceedings pending herein.*" (Emphasis supplied.)

Appellee's motion to vacate and set aside the judgment alleged:

"That the Wheeler-Kelly-Hagny Trust Company, garnishee herein, is affected by said judgment and entitled to a vacation thereof in accordance with the provisions of the General Statutes of the state of Kansas, 60-3009.

"That said Wheeler-Kelly-Hagny Trust Company, garnishee herein, was served with a garnishment summons and filed its answer to the effect that it had no property, moneys, credits, goods or assets whatsoever of the defendant in its hands, and no exception was taken to said answer.

"That there was no property of the defendant in the state of Kansas, and particularly in Wichita, Sedgwick county, Kansas, subject to attachment or garnishment, and the pretended service of summons by publication is void, and by reason thereof the court has no jurisdiction of the parties or subject matter of the action, and was and now is without jurisdiction to render judgment in rem, or otherwise.

"That said judgment appears of record and is a cloud upon the title of property, particularly of real estate of the Wheeler, Kelly, Hagny Trust Company, and materially affects the transaction of business by said garnishee."

The motion was sustained during the same term of court that the judgment was rendered. It is from that order and from all adverse rulings that plaintiff appeals. Her assignment of error reads:

"The court erred in vacating the judgment rendered on January 13, 1941, and in failing to hear the evidence on the exceptions to the garnishee's answer."

Appellee insists the second portion of the assignment of error was not presented to the trial court. The briefs on both sides contain statements that certain legal questions here presented by the respective parties are now raised for the first time. Other than the default judgment, the motion to vacate, and the order sustaining the motion, the record itself is silent as to what specific questions were argued below. Our review must be based upon the record presented here. In view of that record it is impossible for us to understand how appellee's motion could have been argued without the trial court being advised that the issues in the garnishment proceedings were undetermined at the time the judgment was vacated. The journal entry of judgment clearly states the court examined the files. It was therefore advised the garnishment issues remained undetermined and were then standing for trial. The second part of the specification of error is not that the court refused to hear evidence on the garnishment issues. Those issues had never been set for trial and neither of the parties offered evidence on those issues when the motion to vacate the default judgment was heard. The question presented by the record before us is whether the trial court erred in vacating the default judgment before the garnishment issues were determined.

Appellee's motion was based upon the contention the default judgment was void. The basis of that contention is contained in its motion. The Statute, G. S. 1935, 60-3009, cited in the first paragraph of the motion, does not purport to state grounds upon which a judgment will be deemed void. It merely declares:

"A void judgment may be vacated at any time, on motion of a party or any person affected thereby."

Manifestly, the facts alleged in the last paragraph of the motion could not render the judgment void. The other two paragraphs of appellee's motion clearly disclose the theory upon which it contended the judgment was void. It was, first, that appellant had taken no exception to its answer. That statement was clearly contrary to the record. The second ground or theory of the motion was that there was no property of the principal defendant in this state which was subject to garnishment, and hence the substituted service on the principal defendant was void and the court was without jurisdiction to render the default judgment. Whether there was such property in the state was the fact to be determined in the trial of the garnishment action.

Appellee's motion did not state, and appellee does not now contend, the publication service on the principal defendant or the service of summons in garnishment were void or in any manner defective. On the contrary, appellee filed its answer and appellant promptly elected to take issue on that answer as authorized by G. S. 1935, 60-945. The sole issue between appellant and appellee, as joined by their respective affidavits which constituted the pleadings in the garnishment proceeding, was whether appellee had property in its possession or under its control belonging to the principal defendant or whether appellee was indebted to the principal defendant. That issue between appellant and appellee stood for trial as a civil action. (G. S. 1935, 60-945.) Until the garnishment issue was tried and decided in favor of appellee, the default judgment was not void upon any ground presented by the motion of appellee. We are now concerned only with the motion filed by appellee and with the order sustaining that particular motion and not with some other ground or grounds appellee possibly or probably might have presented in its own defense or in defending the action for the principal defendant.

A default judgment against a principal defendant on substituted service, where garnishment proceedings are invoked as a basis for substituted service, is properly rendered against the principal defendant when that defendant is in default. (*Chambers v. Bane,* 91 Kan. 88, 136 Pac. 923.) Such judgment had been rendered in the instant case and it was expressly and properly made "subject to the garnishment proceedings pending herein." When garnishment, as here, is not had in aid of an execution, the judgment in the principal action is taken first and the trial of the garnishee action is had later. G. S. 1935, 60-951, provides:

, "The proceedings against a garnishee shall be deemed an action by the plaintiff against the garnishee and defendant, as parties defendant, and all the provisions for enforcing judgments shall be applicable thereto; *but when the garnishment is not in aid of an execution, no trial shall be had of the garnishee action until the plaintiff shall have judgment in the principal action,* and if the defendant have judgment, the garnishee action shall be dismissed with costs." (Emphasis supplied.)

See, also, *Chambers v. Bane,* supra, and *Titus v. Vansickle,* 142 Kan. 552, 554, 50 P. 2d 972.

If, upon the trial of the garnishee action in the instant case, it is determined the garnishee is not liable to the principal defendant,

then, of course, the substituted service fails and the default judgment will not be permitted to stand. (*Chambers v. Bane,* supra, p. 90.) The default judgment, in view of the facts before us, cannot be set aside until the garnishee action is tried. Were the rule otherwise· a garnishee defendant could defeat the garnishment proceedings against it and also the action against the principal defendant by merely filing an affidavit of nonliability. Clearly, such a result was not contemplated by the lawmakers.

It may also be noted appellee does not now insist the default judgment was void. It first contends the trial court, within the same term, has absolute control over its judgments and can set them aside. That a court has complete control over its judgments within the term they are rendered is too well established to require citation of authority, but manifestly the basis of such control is the exercise of sound discretion. (34 C. J. 207; *Isenhart v. Powers,* 135 Kan. 111, 9 P. 2d 988.) The instant case does not present a question with respect to the exercise of discretion. Here specific grounds were alleged upon which the court held the default judgment to be void. That specific ruling, and no other, is here for review. It cannot be sustained.

Appellee next urges two other grounds upon which it contends the order vacating the judgment should be affirmed. Both of those grounds present entirely new legal questions. Both of them are utterly foreign to the motion upon which the trial court ruled. If appellee believes it has discovered other grounds than those previously presented to the trial court on which the judgment can be set aside, such grounds must be presented first to a court of original jurisdiction and not to a court which has only appellate jurisdiction of the particular action.

The judgment is reversed with directions to reinstate the default judgment previously rendered.

Hoch, J:, not participating.