Young v. Buck.

---

No. 19,794.

RENA BUCK YOUNG, *Appellant*, V. L. D. BUCK et al. (ELIZABETH BUCK et al., *Appellees*).

SYLLABUS BY THE COURT.

1. FRAUDULENT CONVEYANCE—*Creditor's Bill—No Laches in Commencing Action.* A petition asking that lands fraudulently conveyed be subjected to the payment of a judgment against the grantor is not rendered demurrable by the fact that it shows two years and eight months to have elapsed between the execution of the deed and the filing of the petition, where it contains allegations that during all that time the action on the plaintiff's original claim was pending, although no reason is given for its not having been brought to an earlier conclusion.

2. SAME. Where the original demand is sued upon in due time, and an action in the nature of a creditor's bill is brought promptly upon the obtaining of judgment, the plaintiff is not to be denied relief on the ground that he failed to prosecute his case with due diligence, merely because several continuances were brought about by his consent, or by the mistake, or even misconduct, of his attorney.

Appeal from Allen district court; OSCAR FOUST, judge. Appeal filed January 8, 1916. Reversed.

*F. J. Oyler*, of Iola, for the appellant.
*Baxter D. McClain*, of Iola, for the appellees.

The opinion of the court was delivered by

MASON, J.: Rena Buck Young on June 6, 1914, obtained a judgment, upon a charge of slander, against L. D. Buck. On the 24th of the same month she brought an action to subject to the payment of the judgment lands which on November 11, 1911, the defendant had conveyed to his wife and to his foster son, the plaintiff alleging such conveyances to have been fraudulently made for the purpose of preventing the enforcement of her demand. Demurrers to the petition filed by the grantees were sustained, on the ground that the action was begun too late. The plaintiff appeals.

(1) An action in the nature of a creditor's bill can not be brought until the claim on which it is based is reduced to judgment. The plaintiff, however, is required to sue upon the original demand within a reasonable time, which could ordinarily not exceed the period of limitation—two years—from the discovery of the fraud. (*Donaldson v. Jacobitz*, 67 Kan. 244, 72 Pac. 846; 25 Cyc. 1198, 1199.) And of course to preserve his rights he is required to follow up his suit with reasonable diligence. Here the slander case was started November 9, 1911, and within three weeks after judgment was obtained the present action was begun. The defense of limitation or laches must therefore be based on the theory that sufficient diligence was not shown in prosecuting the original action. The interval between its beginning and end was substantially two years and seven months. No facts are pleaded showing why it was not brought to an earlier termination. We do not regard that interval as long enough to create a presumption that the plaintiff voluntarily suffered such a delay as to convict her of a want of reasonable diligence in the prosecution of the case. In *Underwood v. Fosha*, 96 Kan. 549, 152 Pac. 638, it was held that the creditor was not chargeable with such laches as to bar a recovery, although ten years elapsed between the bringing of his action and the procuring of judgment. It is true that there the general history of the

litigation was shown, while here nothing is pleaded to explain the delay. But as the action to set aside the deed was brought in less than eight months after the expiration of two years from the execution of the deeds, the pendency of the slander case must be deemed a sufficient explanation as against a demurrer.

(2) The considerations just stated dispose of the controversy so far as it is formally before us. On both sides, however, it seems to be assumed that the ruling of the trial court was based upon its judicial knowledge of the record in the slander action. As there is a substantial agreement concerning the material facts in this regard, their bearing upon the issue of diligence may be determined at this time. The defendants' brief presents a chronology of the proceedings, from which it appears that a motion to make the petition more definite was filed by the defendant, and also a demurrer, both being overruled. An answer was filed February 27, 1912. Matter was stricken from the answer on motion of the plaintiff on April 23, 1912. The plaintiff was given until May 30 to reply, carrying the case to the October term, when a trial resulted in a disagreement of the jury. The plaintiff then took leave to amend her petition by changing the date on which the slanderous words were alleged to have been spoken from September 16, 1911, to September 15, 1911. This amendment carried the case to the January term, 1913. It was continued by agreement until the May term, when, following an order with reference to the making of the amendment to the petition, the defendant was given twenty days to plead to the amended petition, carrying the case over the term. Illness of the defendant prevented a trial at the September, 1913, term. In February, 1914, a trial was had, resulting in a verdict for the plaintiff. This was set aside on the ground of misconduct on the part of the plaintiff's attorney, a new trial being had in May. Treating these recitals as though incorporated in the petition, that pleading must still be regarded as stating a cause of action. The facts that one continuance was had by the consent of the plaintiff, and that others resulted from mistake or even misconduct on the part of her attorney, do not show such a want of reasonable diligence in prosecuting the action as to make the delay thereby occasioned fatal to a recovery.

The judgment is reversed and the cause remanded with directions to overrule the demurrer.