No. 27,000.

MARTHA A. KINNARD, *Appellant,* v. CHESTER H. STEVENS et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. CREDITORS' SUIT—*Recovery of Judgment as Condition Precedent.* Where a debtor purchases land, pays the consideration therefor, and causes it to be conveyed to a third party, his creditor cannot maintain an action to set aside the deed and subject the land to payment of his claim until he has reduced his claim against the debtor to judgment.

2. LIMITATIONS OF ACTIONS—*Computation of Period—Accrual of Cause.* The statute of limitations does not commence to run against a cause of action until the accrual thereof and the accrual of the cause of action means the right to institute and maintain an action for its enforcement.

3. CREDITOR'S SUIT—*Pleading—Sufficiency.* In an action by a creditor to set aside a deed alleged to have been purchased by the debtor and title taken in the name of a third party and to subject the land to payment of the creditor's claim, the petition examined and held sufficient to avoid the statute of limitations and claimed lack of diligence on the part of the plaintiff.

Creditors' Suits, 15 C. J. pp. 1388 n. 58, 1394 n. 32, 1396 n. 61, 1409 n. 61, 1419 n. 16; 8 R. C. L. 22; 17 R. C. L. 748; 1 L. R. A. n. s. 901. Limitation of Actions, 37 C. J. pp. 807 n. 98, 810 n. 7.

Appeal from Labette district court; WILLIAM D. ATKINSON, judge. Opinion filed January 8, 1927. Reversed.

*Claude B. Kanney, W. J. Owen* and *R. H. Davis,* all of Joplin, Mo., for the appellant.

*Archie D. Neale,* of Chetopa, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.:  The action was one to set aside a deed to Jennie M. Stevens and to subject the real estate therein described to the lien of a judgment obtained by plaintiff against Chester H. and Curtis D. Stevens.  A demurrer to plaintiff's petition was sustained, and she appeals.

The petition alleged in substance that August 1, 1917, plaintiff was the owner of certain lands in Carter county, Missouri, which she agreed to exchange for certain Oklahoma property belonging to defendants Chester H. and Curtis D. Stevens; that after the exchange was made, plaintiff discovered certain false representations had been made to her as to the value of the Oklahoma property; that she brought suit in Carter county, Missouri, where on October 28, 1920, she recovered judgment for $2,000; that on October 21, 1921, following, she filed an action against the same defendants in Labette county, Kansas, in which, on December 28, 1921, she recovered judgment for $2,441.85; that this judgment was based on the one rendered in Carter county, Missouri; that execution was issued on the Labette county judgment and returned unsatisfied; that from the proceeds of the Carter county, Missouri, land, defendants purchased property in Labette county, Kansas, caused title to be taken in the name of Jennie M. Stevens, deed being recorded July 29, 1920; that defendants were at all times insolvent.  This action was brought by plaintiff December 28, 1923, to subject the lot in question to the lien of the judgment.

Defendants demurred on the ground that the plaintiff was barred by the statute of limitations and because of lack of diligence in prosecuting her suit.

The defendants contend that there being no allegation in the petition as to when plaintiff discovered the fraud, it is presumed that it was discovered at the date of the recording of the deed (July 29, 1920), and that therefore the action was barred by the two-year statute of limitations.

The statute of limitations does not commence to run against a

Williamson v. Labette County Comm'rs.

· cause of action until the accrual thereof, and the accrual of the cause of action means, of course, the right to institute and maintain an action for its enforcement. (*Young v. Buck,* 97 Kan. 39, 154 Pac. 213, on rehearing, 97 Kan. 195, 154 Pac. 1010; *Hardware Co. v. Semke,* 105 Kan. 628, 185 Pac. 732; 37 C. J. 810.)

Plaintiff's cause of action did not accrue until her claim or demand was reduced to judgment, execution issued thereon to the proper officer and returned *nulla bona,* or a showing of insolvency on the part of the judgment debtors. (*Tennent v. Battey,* 18 Kan. 324; *Bank v. Chatten,* 59 Kan. 303, 52 Pac. 893; *Young v. Buck,* supra; *Bank v. Ternes,* 110 Kan. 475, 204 Pac. 699.) And by the weight of authority which we prefer to follow, the judgment must be rendered in this state. (15 C. J. 1394; 8 R. C. L. 22.) Applying the allegations of the petition to the cited authorities, they were, in our opinion, sufficient to avoid the statute of limitations and a lack of diligence on the part of plaintiff.

The judgment is reversed and the cause remanded with instructions to overrule the demurrer.