No. 33,639

J. B. WILSON, *Appellant,* v. ELI WILSON, *Appellee.*

(75 P. 2d 277)

Opinion filed January 29, 1938.

*George K. Melvin,* of Lawrence, for the appellant.

*Harry W. Frazee,* of Lawrence, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This action was one to recover the balance of an attorney fee of $500 on which $125 had been paid.

The main defense and the sole ground upon which the appeal de-

pends is the three-year statute of limitations. On the trial, where there were other issues involved than that of the statute of limitations, the jury returned a verdict for the plaintiff for $375, and judgment was rendered for the plaintiff and against the defendant for $375 and costs. Later with the consent of the court a motion was filed containing the following language as the second paragraph thereof:

"2. Comes now the defendant, Eli Wilson, and moves the court for judgment on the pleadings and the evidence in the above-entitled cause for the reason that said evidence conclusively shows that more than three (3) years' time had elapsed between the accrual of this cause of action and before the commencement of this action and the same is therefore barred by the statute of limitations."

The trial court sustained this motion and rendered judgment for defendant for costs, from which judgment the plaintiff has appealed.

It is said in the briefs that there appeared to be some confusion as to the nature and terms of the contract between the plaintiff and defendant. For this reason it will be informative to quote a part of the petition and answer. The part of the petition exactly bearing on this particular question is as follows:

"For his cause of action against the defendant, plaintiff informs the court that by verbal agreement, the defendant employed the plaintiff as an attorney to represent him in all manner and respects as are involved in the business of a lawyer, in the individual capacity of the defendant in connection with a bankruptcy action in the United States district court, for the district of Kansas, in the matter of the bankruptcy of the Eli Wilson Commission Company. That said services were, at the request of said defendant, rendered by the plaintiff continuously from the 1st day of May, 1931, to the 16th day of January, 1933. That the defendant became indebted to the plaintiff by way of compensation for said services in the reasonable sum of $500, of which amount the defendant has paid the sum of $125, and after due and proper request and demand, defendant fails, refuses and neglects to pay the balance. That the defendant is now indebted to the plaintiff in the sum of $375 with interest at six percent per annum from the 16th day of January, 1933."

The part of the answer that is especially pertinent is as follows:

"The defendant, Eli Wilson, for further answer alleges that he retained this plaintiff, J. B. Wilson, to represent him personally in the bankruptcy case of the Eli Wilson Commission Company;  .  .  .

"The defendant, Eli Wilson, for further answer alleges and states to the court that if said plaintiff, J. B. Wilson, did render such services as alleged in his petition and if said defendant, Eli Wilson, did at any time owe said plaintiff, J. B. Wilson, for such services, that said claim of said plaintiff, J. B. Wilson, is now barred by paragraph two (2), section 60-306, of the Revised Statutes of Kansas for 1923, said section being the statute of limitations."

There can be no question but that the professional services of plaintiff, for which recovery is sought in this action, are such services as were rendered after the first day of May, 1931. From the evidence we learn that the defendant paid for the services rendered him up to May 1, 1931, and that the situation changed substantially on that date and a new arrangement was thereafter made. It may also be noted that the plaintiff received compensation in the same case for two other items of service rendered in the bankruptcy proceedings, which were allowed and paid out of the estate. One was where plaintiff and another attorney were appointed to represent the bankrupt estate and the other was where plaintiff went to St. Louis, Mo., at the request of the trustee, to cross-examine certain witnesses as to claims against the bankrupt estate. These may have caused confusion, but they are all settled and are not concerned in any way in this appeal, which involves now only the question of the bar of the statute of limitations as to the balance of the fee of plaintiff for professional services rendered defendant after May 1, 1931.

The defendant was one of the two members composing the firm of the Eli Wilson Commission Company, doing business at Lawrence, Kan., Mrs. Frances B. Walton being the other member. On February 14, 1931, involuntary bankruptcy proceedings were filed against the Eli Wilson Commission Company, joining Eli Wilson and Frances B. Walton personally. The defendant, Eli Wilson, had plaintiff appear in his behalf personally by filing an answer and making other defenses to avoid his being declared a bankrupt personally, and on May 1, 1931, the proceedings were dismissed as to defendant personally, but the partnership bearing his name, and Mrs. Frances B. Walton individually, were adjudged bankrupts.

Defendant testified that after the proceedings were dismissed as to him personally he asked the plaintiff to make out his claim, amounting to $45,000, against the partnership, which plaintiff did with the assistance of defendant's wife; that he received a statement from plaintiff for his services after May 1, 1931, and paid $125 thereon by leaving a check for that amount at the office of plaintiff, June 15, 1932. This check and some correspondence concerning the fee were introduced in evidence, also a certified copy of the bankruptcy docket in the federal district court of Kansas, which showed the proceedings in this bankruptcy case and that the report of the referee on petition for discharge was made on November 10, 1932, and filed with the clerk of the district court on January 16, 1933.

This action to recover the balance of the $500 fee charged for services after May 1, 1931, was filed in the district court of Douglas county, January 8, 1936. The evidence of the plaintiff details the professional work done by him after May 1, 1931, including the writing of many letters, the making of two calls on the referee in Topeka after the making of the report by the referee on November 10, 1932, and one call upon the clerk of the federal district court at Topeka after the filing of such report with the clerk on January 16, 1933, and plaintiff testified that these trips and calls were made so as to carefully watch the interests of the defendant, his client. There is no evidence in the record before us in conflict with that of the plaintiff as to the making of these three calls on such officers after November 10, 1932, except that defendant and others stated they did not know of his doing so.

The defendant argues that there was nothing done and nothing that could have been done by plaintiff for his client, the defendant, after the making of the report by the referee, because that terminated the case, except for the ten days allowed by the general orders in bankruptcy for filing petitions for review, and none such were filed in this case. So defendant concludes that after the expiration of these ten days, or on November 21, 1932, the bankruptcy proceedings in which plaintiff claims a fee were terminated and plaintiff's cause of action then and there accrued, and since this action was not commenced until January 8, 1936, it was barred by the three-year statute of limitations.

Defendant cites 37 C. J. 829, where it is said:

"Where an attorney at law is employed to prosecute or defend an action or to represent his client in some other legal proceeding, his right to recover compensation accrues and the statute begins to run when and only when the action or proceeding is terminated or the contract of retainer is otherwise ended; for such a contract is regarded as entire and continuous. The test therefore is to determine when the services are so terminated as to give the attorney a present right of action."

Defendant also cites 1 Wood on Limitations, 4th ed., 677; *Prichard v. Fulmer,* 25 N. M. 452, 184 Pac. 529; *Bruner v. Martin,* 76 Kan. 862, 93 Pac. 165, and *Kinnard v. Stevens,* 122 Kan. 347, 251 Pac. 1085, to show that a cause of action for an attorney fee accrues when the suit or proceedings in which he has been employed has terminated. The second paragraph of the syllabus in the last case above cited is as follows:

"The statute of limitations does not commence to run against a cause of

action until the accrual thereof, and the accrual of the cause of action means the right to institute and maintain an action for its enforcement."

There is no contention as to this not being the correct rule, but the question is, When were the bankruptcy proceedings terminated? Were they terminated ten days after the making of the order by the referee (November 21, 1932), or when the order was filed with the clerk of the federal district court (January 16, 1933)? Appellee contends that because there was no petition for review filed with the referee within ten days after the meeting of the creditors and the making of the order by the referee, there was nothing to review and the proceedings were ended.

The referee in bankruptcy is an officer of the federal district court and appointed by the court (§§ 1, 34 of the bankruptcy act, 11 U. S. C. A. §§ 1, 62).

Subdivision *c* of section 42 of the bankruptcy act, 11 U. S. C. A. § 70, provides:

"The book or books containing a record of the proceedings shall, when the case is concluded before the referee, be certified to by him, and, together with such papers as are on file before him, be transmitted to the court of bankruptcy and shall there remain as a part of the records of the court."

In *Brown v. Persons*, 122 Fed. 212, it was said:

"All orders of a referee in bankruptcy are made expressly subject to review by the judge, who has power to vacate an order discharging a trustee." (Syl. ¶ 1.)

In *In re De Ran,* 260 Fed. 732, it was held:

"The closing of bankrupt's estate is not established by entry on the referee's book, 'Order allowing account and discharging trustee filed;' the record of the bankruptcy court not showing that the referee's record was transmitted to the court, or its clerk. . . ." (Syl. ¶ 3.)

It was said in the opinion:

"The proposition that the referee alone had jurisdiction to reëxamine the claim does not impress us. It is not accurate to say that the action allowing the claim was solely that of the referee; in a much more proper sense it was directly the action of the district judge. . . . The action had was as effectively that of the judge as if had under a positive order withdrawing that subject from the referee's consideration, or as if the referee had in the first instance allowed the claim, and the matter then been brought before the district judge for review.

"The estate not having been closed, the statute of limitations does not apply" (p. 739). (See, also, *In re Carr*, 116 Fed. 556.)

The concluding order of the referee did not terminate the proceedings because it was a court matter, and his order, whether at-

tacked for review or not, did not complete the duties imposed upon him by statute. It must get to the court where it belonged by being filed with the clerk of the court.

The text above quoted from 37 C. J. states that an attorney's contract to represent his client is usually regarded as entire and continuous. A reference to the quoted portions of the petition and answer in this case removes all doubt as to the term and nature of the employment of the plaintiff, for the answer states that he, the defendant, "retained this plaintiff, J. B. Wilson, to represent him personally in the bankruptcy case of the Eli Wilson Commission Company." Under such employment nothing but death, resignation or discharge would end such a contract of employment until the proceedings were terminated, and they were not terminated before the order was filed with the clerk of the court. Therefore, the statute of limitations had not run when this action was commenced.

The judgment is reversed and the cause is remanded with directions to set aside the judgment in favor of the defendant and render judgment for the plaintiff on the verdict.