No. 36,056

CLIFTON COLE, *Appellant*, v. VEROQUA TIBBITTS THACKER, VERBA F. BROOKS et al., *Appellees*.

(146 P. 2d 665)

Opinion filed March 4, 1944.

*Charles C. Calkin,* of Kingman, argued the cause for the appellant.

*Paul R. Wunsch* and *John McKenna,* both of Kingman, argued the cause for the appellees.

The opinion of the court was delivered by

PARKER, J.: The plaintiff instituted this action, in the nature of a creditor's bill, against defendants, Veroqua Tibbitts Thacker, Verba F. Brooks and Celestye Meisenheimer. Verba F. Brooks, Celestye Meisenheimer, and Frank U. Dutton as an individual, and Frank U. Dutton as executor of the estate of Alice L. Baker, de-

ceased, were named therein, as garnishee defendants. The judgment and rulings of the trial court on certain motions and demurrers, the character of which will be presently disclosed, were against plaintiff and in favor of defendants, Brooks and Meisenheimer, and garnishee defendant, Frank U. Dutton, as executor. Plaintiff appeals.

It appears from facts which are undisputed as follows:

The defendant, Mrs. Thacker, is an heir at law of Alice L. Baker, whose estate was being probated in Kingman county on the date of the institution of the instant action. Formerly she was a resident of Kansas and while here, together with her husband, in May, 1934, executed and delivered a note to the plaintiff for the sum of $1,130, in her name as Veroqua Tibbitts. Shortly after the execution of the note, her husband died and she became a nonresident of Kansas and was a nonresident on the dates material to this action. Immaterial, for all but informative purposes, is the fact she remarried after leaving the state and her name is now Veroqua Tibbitts Thacker.

Frank U. Dutton, as indicated in the title of this action, was the duly appointed, qualified and acting executor of the estate of one Alice L. Baker, at all times pertinent to any of the issues involved herein. On or about September 21, 1942, Mrs. Thacker who, as an heir at law and under the will of Mrs. Baker, was entitled to a distributive share of such decedent's estate, by written instrument, duly acknowledged, assigned to Brooks and Meisenheimer, her sisters, all her right, title and interest in and to such estate. By its terms the instrument authorized them to collect and receive all amounts due her from the estate and directed Dutton, as executor, to pay over such amounts to them as assignees. This instrument was filed in the probate court of Kingman county April 19, 1943.

On June 5, 1943, the executor made final accounting and settlement in the Baker estate at which time the portion of the judgment rendered by the probate court, affecting the issues here involved, was as follows:

"THE COURT FURTHER ADJUDGES AND DECREES, That there was filed in said court on the 19th day of April, 1943, an assignment of interest of the distributive share belonging to Veroka I. Tibbitts Thacker, that the said assignment is valid, and that the distributive share belonging to Veroka I. Tibbitts Thacker was thereby assigned to Verba F. Brooks and Celestye Meisenheimer, and that by virtue of said assignment Verba F. Brooks and Celestye Meisenheimer should be given the full distributive share of said distributee, Veroka

I. Tibbitts Thacker, less the $100 which was heretofore paid to said distributee, and Frank U. Dutton, Executor, is hereby ordered and authorized to pay the sum of $3,120.13 to said assignees, Verba F. Brooks and Celestye Meisenheimer, and the court orders, adjudges and decrees that by virtue of said assignment Veroka I. Tibbitts Thacker should not receive any distributive share of the funds remaining in the hands of said executor, and that the executor should take receipts from said assignees for such money so paid to them."

Shortly after the rendition of this judgment plaintiff brought the present action in district court. The petition and a subsequent amendment alleged in substance what has been heretofore related; showed affirmatively the note sued on had not been reduced to judgment; stated defendant Thacker, except for her interest in the Baker estate, was insolvent on the date of the execution of the assignment; and charged such assignment was made without consideration for the purpose of defeating creditors and was fraudulent and void. Such petition prayed judgment on the note against Thacker; also judgment canceling and setting aside the assignment as fraudulent and void, directing the garnishees to pay into court all funds and property in their hands belonging to her, and for such other relief as might be necessary in order to reach any and all funds transferred and delivered to Brooks and Meisenheimer under the terms of such instrument and subject them to payment and satisfaction of the indebtedness sued on. Filed along with the petition was a garnishment affidavit and all garnishee defendants herein named were served with garnishment summons.

In order to fully comprehend the issues it will be necessary to relate proceedings had subsequent to the filing of the petition and garnishment affidavit. Brooks and Meisenheimer as defendants filed a demurrer to the petition and amended petition, which demurrer was sustained. All garnishee defendants then made answer denying they were indebted or under liability to Mrs. Thacker or had any property of any character belonging to her under their control. Plaintiff served notice of his election to take issue on the answers of all garnishee defendants except that of Dutton, as an individual, who was later dismissed as a garnishee defendant. Dutton, as executor, then filed an amended answer as garnishee wherein he set out the judgment of the probate court with respect to the assignment and prayed for his discharge as garnishee and for the recovery of costs, including an attorney's fee. Subsequent to the filing of this amended answer, plaintiff moved the court to interplead Brooks and Meisenheimer as parties defendant in the action because

of the disclosures in such answer to the effect they were claimants of the funds then in the hands of Dutton as executor. This motion was overruled. Plaintiff then filed its notice of election to take issue in the amended answer, the allegations of which, in addition to restating the averments of the petition, alleged the plaintiff was not a party defendant to the proceedings resulting in the judgment of the probate court and was not bound by it with respect to the validity of the assignment or orders made regarding the payment of the defendant Thacker's distributive share of the estate. It also alleged defendant Dutton had in his possession more than $3,000, the distributive portion of Thacker's share in the Baker estate, which he should account for as garnishee. Dutton then filed a motion for judgment on the pleadings (the garnishment answers and plaintiff's notice of election to take issue on such answers) and for his discharge as garnishee, the apropos portions of which motion are as follows:

"Because said Frank U. Dutton, as Executor of the last Will and Testament of Alice L. Baker, Deceased, was acting as such Executor, under and by virtue of the appointment of the Probate Court of Kingman County, Kansas, which said Court had full and complete jurisdiction of the Estate of Alice L. Baker, Deceased, and which said Probate Court, by its order under date of June 5th, 1943, a copy of which said order is attached to the amended answer of this garnishee, as Exhibit 'A' thereto determined and ordered that the assignments executed by Veroqua [I.] Tibbitts Thacker, under her then name of Veroqua I. Tibbitts, to Celestye Meisenheimer and Verba F. Brooks, were valid and binding upon her, and that Veroqua I. Tibbitts Thacker was not entitled to any share in the distribution of said Estate of Alice L. Baker, and ordering this garnishee, as such Executor to pay and deliver to said Celestye Meisenheimer and Verba F. Brooks, all the distributive share in said estate that would have been payable to said Veroqua I. Tibbitts Thacker, in the absence of said assignments, was within the jurisdiction of the said Probate Court of Kingman County, Kansas, upon said hearing upon Final Settlement, and said determination and orders of the said Probate Court, not having been appealed from, are valid and binding on all persons, and are *res judicata.*"

This motion was sustained and judgment was rendered releasing him from all liability to plaintiff as garnishee and rendering judgment in his favor for costs including an attorney's fee of $25.

It should be noted that in disposing of the various motions, and in rendering the judgment heretofore referred to, the trial court relied upon and gave consideration to the following stipulation and agreement appearing in the journal entry of judgment, which as incorporated therein, reads as follows:

"Thereupon said parties being present as aforesaid it was stipulated and agreed in open court that plaintiff does not contend that either or any of the garnishees herein are indebted to or have any property, real or personal in their possession or under their control belonging to the defendant, Veroqua Tibbitts Thacker, other than the indebtedness, property, effects and credits represented by the interest of the said Veroqua Tibbitts Thacker accruing to her from the estate of Alice L. Baker, deceased, through administration proceedings in the Probate Court of Kingman County, Kansas, and that the several motions before the court herein shall be passed upon and decided with that understanding."

The preceding statement of facts and description of the proceedings are necessary to properly determine the issues raised by this appeal. We turn now to a consideration of those issues and will refer to them in the order in which they are raised by the plaintiff's specification of errors.

Appellant's first contention is the trial court erred in sustaining the demurrer of defendants, Brooks and Meisenheimer, to the petition. One ground of the demurrer was that several causes of action were improperly joined in the petition and that the causes of action purported to be set forth therein did not affect all the parties to such action. Another was that the petition failed to state facts sufficient to constitute a cause of action against either of the demurring defendants. Since appellant in his brief refers to the action as one on a promissory note against a nonresident defendant, with garnishment of resident defendants, while the appellees refer to the action as one in the nature of a creditor's bill, it does not seem amiss, preliminary to the determination of appellant's contention, to first determine the true character of the action as filed.

As heretofore related, the petition seeks judgment against Thacker on the note and against Thacker, Brooks and Meisenheimer, setting aside the assignment and declaring it void. A general discussion on the subject of what constitutes a creditor's bill, its nature, purpose and scope, can be found in 21 C. J. S. 1058, § 1, and 14 Am. Jur. 679, §§ 2, 3. But, we are not compelled to accept the general definition to be found in the treatises just referred to.

Long ago, in *Houghton v. Axelsson*, 64 Kan. 274, 67 Pac. 825, this court (quoting from 5 Ency. Pl. & Pr. 391) said:

"Creditors' bills, in their most comprehensive sense, are bills in equity by creditors to enforce the payment of debts out of the property of debtors, under circumstances which impede or render impossible the collection of the debt by the ordinary process of execution." (p. 277.)

And held:

"A creditor's bill is in its nature a proceeding in rem rather than in personam, and its use is to make effective a judgment held by a creditor against the property of the debtor which is in some way concealed." (Syl. ¶ 1.)

Under the rule just stated it is apparent from an examination of the petition and the amendment thereto the instant action is one in the nature of a creditor's bill. The most that can be said for appellant's position as to the nature of the action is that the pleadings attempted to combine a suit on the note and a creditor's bill to set aside the assignment on the ground of fraud. It is of small moment to appellant which construction is placed on the pleadings. If they be regarded as stating a cause of action on the note and a cause of action in the nature of a creditor's bill, then the trial court was correct in sustaining the demurrer on the ground of misjoinder of causes of action. It must be conceded the action on the note affected the defendant Thacker alone, while the creditor's bill affected the defendants Thacker, Brooks and Meisenheimer jointly. G. S. 1935, 60-601, is applicable to such a situation. It reads:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have been heretofore denominated legal or equitable, or both. But the causes of action so united must affect all the parties to the action, except in actions to enforce mortgages or other liens."

In construing the section of the statute just quoted this court has repeatedly held that where causes of action are united and do not affect all parties to the action, and do not come within the exception specifically mentioned in the statute, a demurrer to the petition on the ground of misjoinder of causes of action will be sustained. See Benson v. Battey, 70 Kan. 288, 78 Pac. 844, and Osborne v. Kington, 148 Kan. 314, 80 P. 2d 1063.

On the other hand, if the pleadings be construed as we construe them, to state a cause of action in the nature of a creditor's bill, the trial court's ruling in sustaining the demurrer on the ground the petition failed to state a cause of action against the defendants Brooks and Meisenheimer, must be upheld.

Whatever the rule may be elsewhere, it is settled in this state by a long line of decisions that before a creditor can interfere with a transfer of his debtor's property he must reduce his claim to judgment or at least in some manner obtain a lien on that property. The doctrine otherwise stated, is that an action in the nature of a creditor's bill cannot be maintained until the creditor has reduced

his claim to judgment. This rule was announced in the early case of *Tennant v. Battey,* 18 Kan. 324, and has been restated in various forms after consideration of factual situations similar to, and entirely different from, those involved in the case just cited. See the recent case of *Causemaker v. DeRoo,* 153 Kan. 648, 651, 113 P. 2d 85, holding the rule is applicable in an action to set aside a conveyance alleged to have been made in fraud of creditors, and the more recent case of *Cartier v. Central Trust Co.,* 155 Kan. 191, 124 P. 2d 435, where a similar factual situation was involved, holding a demurrer to plaintiff's petition was properly sustained because it did not allege plaintiff had reduced his claim to judgment. To the same effect is *Kinnard v. Stevens,* 122 Kan. 347, 251 Pac. 1085; *Bank v. Ternes,* 110 Kan. 475, 204 Pac. 699. See, also, *Bank v. Lemley,* 105 Kan. 15, 180 Pac. 238, holding the rule is applicable in an action involving garnishment proceedings, *Bank v. Chatten,* 59 Kan. 303, 52 Pac. 893, where a creditor sought to enjoin a third person from transferring property conveyed the latter by his debtor. Other cases recognizing the doctrine are *Knox v. Farguson,* 97 Kan. 487, 155 Pac. 929; *Harrison v. Shaffer,* 60 Kan. 176, 184, 55 Pac. 881; *Young v. Buck,* 97 Kan. 39, 40, 154 Pac. 213; *Parmenter v. Lomax,* 68 Kan. 61, 74 Pac. 634, and *Kansas Wheat Growers Ass'n v. Edmonston,* 134 Kan. 786, 787, 8 P. 2d 410.

Various arguments advanced by appellant and conclusions reached by him, from statements in the form of dicta appearing in some of the decisions cited and indicating possible methods by which money or other property in the hands of third persons and belonging to a debtor can be reached by a creditor in garnishment proceedings, have been given consideration by us. They are all based upon the false premise the instant suit is one on a note with garnishment of defendants, and in no sense detract from the force and effect of the rule that a condition precedent to the successful maintenance of a creditor's bill is an affirmative showing in the petition that the indebtedness sued on and described therein has been reduced to judgment.

The next specification of error relied upon by appellant is that the trial court erred in overruling his motion to interplead Brooks and Meisenheimer as defendants in the garnishment action. Appellant's position can best be stated by quoting directly from his brief. There we find the following language:

It is the position of appellant that in view of the garnishment statute

it is proper to make the garnishees defendants in the action as well as to name them as garnishees. The statute provides, G. S. 60-951, as follows:

" 'The proceeding against a garnishee shall be deemed an action by the plaintiff against the garnishee and defendant, as parties defendant, and all the provisions for enforcing judgments shall be applicable thereto.'

"Appellant contends that in view of this section of the statute, the court should not have sustained the demurrer of Brooks and Meisenheimer as defendants. . ."

Bluntly stated, appellant's claim is the garnishment statute permits the joining of any number of persons as defendants in an action, so long as the plaintiff contends they have property in their possession or under their control belonging to the defendant debtor, and that fact enables the plaintiff to make them parties defendant to the action as well as parties defendant to the garnishment proceedings. No such rule prevails in this state. A proceeding in garnishment is a special and extraordinary remedy given by statute and can be resorted to only under the conditions and procedure expressly authorized by the statute. The statutory conditions for its exercise are conclusive, and exclusive of all others, and cannot be extended to cover general procedural conditions and situations otherwise provided for by the statute. G. S. 1935, 60-951, can under no circumstances be held to require the procedure or permit the result urged by appellant. To do so would nullify the provisions of G. S. 1935, 60-601, heretofore discussed, and other provisions of the code of civil procedure fixing and determining the rights and obligations of parties to an action. The trial court committed no error in overruling plaintiff's motion to interplead Brooks and Meisenheimer as defendants.

Other errors specified by appellant all deal with phases of the same subject and can be considered together. It is urged the trial court erred in sustaining the executor's motion for judgment on the pleadings and releasing him from all liability to plaintiff as garnishee in the action. This contention requires reference to the stipulation heretofore referred to and set forth in the opinion, as well as the allegations contained in the executor's amended answer as garnishee and the appellant's notice of election to take issue on such answer. The stipulation conceded the only property in the executor's possession or under his control, if any, is that represented by the interest accruing to Thacker through the administration proceedings in the probate court of Kingman county. The amended answer sets forth the judgment of the probate court declaring the assignment to be

valid and directing the payment of Thacker's share to Brooks and Meisenheimer. The notice of election to take issue on the answer concedes the existence of that judgment but alleges the plaintiff was not a party to the proceedings in the probate court and is not bound by any of its orders, with respect to the assignment. Without passing upon what might have been the result of the order and judgment of the probate court had it been contested or appealed from it can be stated without fear of contradiction that under the provisions of the new probate code, the probate court has original jurisdiction to direct and control the official acts of executors and administrators, to settle their accounts and order distribution of their estate (G. S. 1941 Supp. 59-301[3]); may exercise such equitable powers as are necessary and proper to hear and determine any matter properly before it (G. S. 1941 Supp. 59-301[12]); in addition to general jurisdiction has power to order any fiduciary to distribute property (G. S. 1941 Supp. 59-302[8]), and has authority to provide for partial distribution and make final settlement of an estate (G. S. 1941 Supp. 59-2246 to 59-2249, incl.) See *Erwin v. Erwin*, 153 Kan. 703, 113 P. 2d 349, wherein this court held:

"The probate court has jurisdiction to settle and distribute an estate in accordance with the terms of a written contract of final settlement and distribution fairly entered into by all the heirs, the validity of which is not questioned and which is properly presented to that court, upon due notice, for final settlement and distribution." (Syl. ¶ 1.)

The probate code (G. S. 1941 Supp. 59-2401 [9], [11], [21]) also provides for an appeal to the district court from an order directing or refusing to direct the payment of a legacy or distributive share, a judgment or decree of partial or final distribution, a final decision of any matter arising under the jurisdiction of the probate court, and further provides (G. S. 1941 Supp. 59-2404) an appeal may be taken by any person aggrieved. An examination of these provisions of the probate code will readily disclose the proabte court had jurisdiction over the subject matter involved in its order and judgment of June 5, 1943, and that it had power to direct and control the activities of the executor. Under such circumstances no one can be heard to contend its judgment was void. From the conceded facts appearing in the various pleadings leading up to the filing of the executor's motion for judgment on the pleadings it is apparent that appellant, through the medium of his garnishment proceeding, was attempting to collaterally attack the judgment as rendered in

probate court. This he could not do. Under our decisions when a judgment has been rendered in a case and has become final it cannot be collaterally attacked in a subsequent proceeding unless it appears that such judgment is void. See *Federal Savings & Loan Ins. Corp. v. Hatton*, 156 Kan. 673, 135 P. 2d 559, and cases there cited. Where such a situation appears from the pleadings a demurrer to the petition should be sustained (*Brockway v. Wagner*, 126 Kan. 285, 268 Pac. 96). A motion for judgment on the pleadings is tantamount to a demurrer and should be sustained where, as here, from conceded facts appearing from the pleadings making up the issues involved it appears the party seeking the judgment is entitled thereto as a matter of law. *James v. Metropolitan Life Ins. Co.*, 155 Kan. 377, 125 P. 2d, 369, and *Ryan v. Ryan*, 156 Kan. 348, 133 P. 2d 119. It follows the motion of the executor for judgment on the pleadings was properly sustained and he was properly discharged from liability as a garnishee.

One other question requires consideration. Appellant contends the provisions of G. S. 1935, 60-959, authorizing the allowance of an attorney's fee of $25 "in case of trial of an issue between the plaintiff and any garnishee" do not permit the judgment for that amount in favor of the executor as rendered by the trial court. He insists the statute limits the allowance of such fee to cases where an issue of fact is involved. We do not agree. The issue referred to in the statute is the question of whether a garnishee is liable as such when in his answer he has denied liability and the correctness of that answer has been challenged. Once that issue has been raised the fee referred to is properly assessed by the trial court when judgment is rendered discharging the garnishee from liability, irrespective of whether that judgment is based on issues of law or fact.

The executor is not satisfied with the allowance specifically authorized by statute and asks that this court allow his attorney an additional fee on this appeal. We find nothing in the statute to authorize such an allowance and that request must be denied.

The judgment is affirmed.