No. 37,463

CORA E. MIDDENDORF and MARY V. SECHLER, *Appellants*, v. THE KANSAS POWER AND LIGHT COMPANY, *Appellee*.

(203 P. 2d 156)

Opinion filed March 5, 1949.

*Harry Snyder, Jr.,* and *A. Harry Crane,* both of Topeka, argued the cause, and *Richard W. Shaw,* of Hiawatha, and *Ward D. Martin,* of Topeka, were with them on the briefs for the appellants.

*Robert E. Russell,* of Topeka, argued the cause, and *Clayton E. Kline, M. F. Cosgrove* and *Balfour S. Jeffrey,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover damages for the alleged negligent transfer of corporate stock by the defendant. The defendant's demurrer to the plaintiffs' petition was sustained, and plaintiffs have appealed.

In the petition it was alleged that defendant is a corporation organized under the laws of Kansas; that plaintiffs' father, Gustav J. Plamann, was the owner of three certificates for ten shares each of the capital stock of the defendant corporation; that he made his last will and testament, by the terms of which he bequeathed all of his property to his wife Cordelia to have during her natural life, with remainder over to the plaintiffs and their brother Ralph A. Plamann on the death of Cordelia. It was further alleged that on June 19, 1932, Gustav died and his will was duly admitted to probate in the probate court of Brown county on June 28, 1932, and on the same day letters testamentary were issued to Cordelia; that on the same day she filed her election to take under the will; that she inventoried the above stocks and other property, and duly administered the estate, and made application to the probate court for final settlement, and made final settlement on August 28, 1933; and that the records of the probate court show that no appeal was taken from the order of final settlement and no objection was made thereto. It was further alleged that the stock certificates were in the hands and under the control of Cordelia, executor, on August 28, 1933, and that by the terms of the will and by the terms of the order of final settlement, Cordelia became the owner of the stock certificates as a life tenant, the remainder interest being vested in the plaintiffs and their brother Ralph; that on some date unknown to plaintiffs Cordelia sold and assigned the stock certificates to divers persons, all without knowledge of plaintiffs and they did not know of such wrongful transfer sale and assignment until after the death of Cordelia; that she died August 19, 1945, and plaintiffs became entitled

to the beneficial interest in the amount of an undivided two-thirds of the stock on and after that date; that the defendant corporation was guilty of negligence in transferring the stock; that by the exercise of reasonable diligence to ascertain the authority of Cordelia to make the transfer, the defendant corporation knew or should have known of the rights of the plaintiffs in and to said stock, and by reason of the wrongful and negligent acts of the defendant corporation, plaintiffs had been damaged in the sum of $2,500 for which they prayed. Attached to and made part of the petition are copies of the will, the order admitting it to probate and appointing Cordelia Plamann as executor, her election to take under the will and of the order made on final settlement. These documents disclose that by his will Gustav J. Plamann gave his wife Cordelia a life estate in all of his property, with remainder to his children Ralph A. Plamann and the two plaintiffs; that the will was duly admitted to probate and Cordelia was appointed as executor; that she elected to take under the will; and that on August 28, 1933, she made final settlement. The order of final settlement found that due notice of final settlement had been given by publication; that Gustav J. Plamann died testate June 19, 1932, and that his heirs at law were his widow, son and two daughters, naming them (there was no finding as to who were legatees or devisees); that the estate had been fully administered and the executor should be discharged. The court ordered, "That the executor herein properly assign to Cordelia Plamann securities thus described" followed by a list included in which are the stock certificates in controversy. The concluding sentence is, "Thereupon, said executor is discharged and this estate is closed."

Defendant's demurrer to the above petition on the ground that facts sufficient to constitute a cause of action were not stated, was sustained by the trial court and appeal to this court followed.

In support of the trial court's ruling, appellee argues that the petition discloses that the transfer of the stock was compelled by legal proceedings and therefore it has no liability.

Appellants contend that the petition discloses that the transfer of the stock was made by an executor; that the appellee was therefore chargeable with notice there was a will and liable if it permitted a transfer in contravention of the terms of the will, in support of which they direct our attention to 12 Fletcher, Cyc. of Corporations (Perm. ed.) § 5549, to 18 C. J. S. [Corp. § 439(c)] p. 1069, and to decisions hereafter noted.

It may be conceded that the general rule is that a corporation is liable for the unauthorized transfer of stock on its books upon request of an agent of the owner who is not authorized to have the transfer made, and it is liable to the beneficiary for making an unauthorized transfer of stock standing on its books in the name of a deceased person, although at the request of the executor or administrator of such decedent, inasmuch as the corporation is charged with knowledge of the will and the extent of the executor's authority. There are limitations on that general rule however. A corporation may permit such a transfer where the proposed transfer is apparently in the ordinary course of administration, for the purpose of paying debts or legacies, but if it is shown the transfer is not in ordinary course of administration, the corporation, before making the transfer, must inquire into the authority of the executor to have the transfer made. See 13 Am. Jur. (Corp. § 375) p. 441.

Generally, it is not necessary that we make an extended statement of the facts in the cases cited by appellants to show that they are not controlling here. In the following cases the stock was transferred without any court order directing the transfer: *Marbury, Trustee, v. Ehlen, et al.*, 72 Md. 206, 19 Atl. 648; *Wooten v. Railroad*, 128 N. C. 119, 38 S. E. 298; *Baker v. R. R.*, 173 N. C. 365, 92 S. E. 170, L. R. A. 1917E 266.

In *Baker v. R. R.*, supra, a will bequeathed two shares of stock to John Baker and two shares to Jesse Baker, all rights to vest in the survivor, but if both died without issue, the remainder was to the next of kin. The executor surrendered the stock with request it be issued two shares each to John and to Jesse and that was done. Jesse died without issue and the four shares were then turned in and issued to a third person. Later John died without issue and the next of kin brought an action against the corporation and recovered, it being held that the corporation was charged with knowledge of the provisions of the will when the transfer was made by the executor when acting without an order of court to sell the stock.

In *Seymour v. National Biscuit Co.*, 107 F. 2d 58, 126 A. L. R. 1288, the transfer was not in accord with the order of the court.

Appellants rely especially upon *West v. American Tel. & Tel. Co.*, 54 Ohio App. 369, 7 N. E. 2d 805. The opinion is long and reference is made to it for details. The will of decedent gave his wife a life

estate under conditions, with a right of disposal with the consent and advice of her two sons, who were the remaindermen. She filed an application setting forth her life estate and asking that stocks bequeathed to her be transferred to her, and her sons consenting, such an order was made. Later she presented the stock certificates, a certified copy of the will and of her application for transfer, the consent and the court's order thereon to the corporation, which issued her a new certificate without limitation and later she sold the stock to an innocent purchaser for value. Thereafter the sons sued the company. The court of appeals held the company had before it a copy of the will and of the other documents; that these clearly showed the widow had only a life estate and that the sons had an interest as remaindermen; that the company was put on guard; and that in issuing the stock to her as it did, it did so at its peril.

From the above cases it may be deduced that a company which transfers stock standing in the name of a decedent, upon application of his executor or administrator, is without liability to the beneficiary where the company acts upon and follows out completely an order of a court of competent jurisdiction ordering the transfer to be made.

Under the allegations of the petition a final settlement of the estate of Gustav J. Plamann was made in August, 1933, at which time R. S. 1923, 22-904 and 906, later appearing as G. S. 1935, 22-904 and 906, were in effect. They provided that when an executor wished to make final settlement, he should file his report, and publish notice of the date he intended to make final settlement, the statute providing the notice was to all creditors and others interested in the estate, and at the time fixed the probate court should hear the settlement and make a finding as to who were the heirs, legatees or devisees of the deceased, and record thereof should be made upon the journal of the court. The latter section provided that when it appeared notice had been duly published and the estate had been fully administered, the court should make final settlement. Other provisions of the then existing statute with respect to distribution of the assets of the estate need not be noted further than that appeals were allowed to the district court from the decision of the probate court on all settlements of executors, on all apportionments among creditors, legatees, or distributees, on all orders directing payment of legacies, and in all other cases where

there shall be a final determination of any matter arising under the jurisdiction of the probate court (R. S. 1923, 22-1101; G. S. 1935, 22-1101) and that any appeal must have been taken within thirty days after the making of such decision (R. S. 1923, 22-1102; G. S. 1935, 22-1102).

The petition and attached documents show that a final settlement was filed, notice given, hearing thereon held and that an order was made "that the executor herein properly assign to Cordelia Plamann securities thus described" followed by description of many securities including those now involved, and that thereupon the executor was discharged and the estate closed. No one appealed from the orders above mentioned.

In *Brown v. Schreckler,* 151 Kan. 724, 100 P. 2d 741, it was held that final settlement of an estate made by the probate court pursuant to G. S. 1935, 22-904 and 22-906, was a final order binding upon all persons interested in the estate, unless appeal be taken, and that the order, if not appealed from, became final and conclusive as against collateral attack, except for fraud. In the later case of *Cole v. Thacker,* 158 Kan. 242, 146 P. 2d 665, it was held that a judgment of a probate court directing an executor to make distribution to a person entitled thereto cannot be collaterally attacked. Each of the above opinions cites others of like effect.

Appellants seek to avoid the effect of the last cited cases by contending that the order was that the stocks be "properly" assigned, and that the use of that adverb meant that the appellee in making the transfer was not only bound to take notice of the order but also of the terms of the will and, taking notice thereof, to issue the new certificates in such manner and form that each certificate disclosed on its face that Cordelia had only a life estate and the three children had the remainder. In our opinion such an interpretation is not correct. Had it been the intention of the probate court to make such an order as appellants contend, appropriate language so stating would have been used. The order was for assignment to Cordelia and no one else and the use of the word "properly" meant no more than that the assignment was to be suitable, fit, correct and right to accomplish transfer to her. The present appellants had notice of the order as made and took no appeal from it. It became final and they may not now attack it collaterlly and indirectly by contending it is subject to a construction at variance with its terms.

The allegations of the petition disclose that the transfer of stock of which the appellants complain was made by the appellee in compliance with an order of the probate court, and that no facts sufficient to constitute a cause of action were otherwise stated. The trial court's ruling sustaining appellee's demurrer was correct and it is affirmed.

ARN, J., not participating.