## SOUTHERN DEPARTMENT — WESTERN DIVISION.
## DECEMBER TERM, 1896.

### ARTHUR REESE et al. v. H. A. PLATT.
#### No. 78.

1. PLEADINGS — *Statutory Provision.* Where, in any form of action or special proceeding, the statute prescribes certain pleadings to present the issues therein, no other pleadings are necessary.

2. GARNISHMENT — *Evidence.* In a contest between a creditor and a garnishee defendant, the creditor may show any fact tending to prove that the property in the hands of the garnishee defendant belongs to the defendant debtor.

3. GENERAL ASSIGNMENT — *Preference of Creditors — Valid Deed.* Where an assignment is made by an insolvent debtor for the benefit of his creditors, and the deed of assignment contains a provision directing the trustee to distribute the estate in a manner inconsistent with the statute relating to general assignments, such provision will not avoid the conveyance, but should be treated as a nullity by the assignee, and the estate distributed by him as the statute prescribes.

MEMORANDUM.—Error from Wichita district court; V. H. GRINSTEAD, judge. Action by Arthur Reese and Hugh Reese, partners as Reese Brothers, against H. A. Platt as garnishee. Judgment for the garnishee. Plaintiffs bring the case to this court. Rehearing granted. Affirmed. The opinion herein, filed December 1, 1896, states the material facts.

*Morse & Hubbell*, for plaintiffs in error.

*V. H. Grinstead*, for defendant in error.

The opinion of the court was delivered by

COLE, J.: On November 21, 1890, Reese Brothers recovered a judgment in the district court of Wichita

51—4 KAN. APP.

county against the Leoti State Bank, a corporation, and on July 18, 1891, caused execution to be issued thereon and placed in the hands of the sheriff of Wichita county. On the same day they filed their affidavit and bond, and caused to be issued a garnishee summons against the defendant in error, H. A. Platt, and said summons was served on that day. On August 10, 1891, the garnishee filed his answer deny-ing any indebtedness to the bank, or that he had property in his possession or under his control belonging to said bank, but alleging that on July 16, 1890, said bank had executed and delivered to him its deed of assignment, conveying all its property to him in trust for the benefit of its creditors. Attached to said answer, as an exhibit, was a list of the assets of said bank, and also, as a further exhibit, a list of its lia-bilities. On August 24, 1891, Reese Brothers served notice upon the garnishee that they would take issue upon his answer, and the cause came on for trial before the court upon the issue so made. After hearing said cause the court rendered judgment in favor of the garnishee defendant, and Reese Brothers bring the case here for review. Several questions are raised in this case, but we shall consider only such as are nec-essary to its determination.

It is contended on the part of the defendant in error that the deed of assignment cannot be assailed in a proceeding of this character for the reason that no verified denial was filed to the answer of the garnishee. This is a special proceeding, and the statute prescribes the manner of procedure in paragraph 4290, General Statutes of 1889, as follows :

" The answer of the garnishee shall in all cases be onclusive of the truth of the facts therein stated, un-less the plaintiff shall within 20 days serve upon the

garnishee a notice in writing that he elects to take issue on his answer; in which case the issue shall stand for trial as a civil action, in which the affidavit on the part of the plaintiff shall be deemed the petition, and the garnishee's affidavit the answer thereto.''

Whenever a statute prescribes the pleadings necessary for any action or special proceeding, and such pleadings are filed, no others are required, but the cause or proceeding may be tried, and the rights of the parties determined, under such pleadings as the statute has prescribed. The judgment creditors in this case, having served and filed their notice that they elected to take issue upon the answer of the garnishee in the manner provided by statute, thereby notified the garnishee that they would contest in a hearing between themselves and said garnishee the truth of the statements in his answer, and such, we take it, is the true intention of the statutory notice. The decision of this question is closely connected with a determination of the second question raised in this case, which is, Can the judgment creditor attack the validity of the assignment in this kind of a proceeding? The defendant in error claims that he cannot; that such an attack would be collateral in its nature, that the only manner in which an assignment for the benefit of creditors may be assailed is by direct proceedings for that purpose; and that the statute will not permit, in a proceeding of this character and under pleadings such as are prescribed therefor, any proof of fraud or other matter tending to break down the assignment.

It is true that, generally speaking, fraud must be alleged in order to admit proof thereof, but this is not always the rule. Our supreme court has held in numerous cases that in an action of replevin fraud may

be proved under an answer which is simply a general denial, and we take it that in a certain sense this proceeding is somewhat of the same nature. As we have seen, the statute prescribes that the affidavit of the plaintiff shall be deemed the petition, and the affidavit of the garnishee the answer. The force of this statute, as applied to this proceeding in garnishment, is, that the petition of the plaintiff alleges that the garnishee defendant has property, rights or credits in his possession belonging to the judgment debtor, and the answer denies that such property, moneys or credits belong to the judgment debtor, and in this case alleges that the garnishee holds the same in trust for the creditors of the judgment debtor by virtue of a certain deed of assignment. We take it that, in such an issue, the creditor may show any fact which tends to prove that the property in dispute belongs to the debtor, and this, too, although such fact may be that the transfer of such property was void on account of fraud or for any other reason. The garnishee cannot claim that this is without notice to him, for, from the very nature of the notice served by the judgment creditor, he is apprised that such creditor intends to show or attempt to show that the property in his hands is still that of the debtor. We are also of the opinion that under such pleadings the garnishee may show any fact tending to rebut any ownership in the debtor of the property in dispute. (*Bailey v. Bayne*, 20 Kan. 657 ; *Kennett v. Fickel*, 41 id. 211 ; *White v. Gemeny*, 47 id. 741 ; *Keep v. Sanderson*, 2 Wis. 42.)

The next question for determination in this case is, Was the deed of assignment void? It is contended by plaintiffs in error that said deed was void : (1) Because it was not executed by the proper officers ; (2) because it was not authenticated by its corporate

seal; (3) because it preferred certain creditors, and was, therefore, fraudulent. The defendant in. error contends that the execution of the deed of assignment is admitted because no verified denial thereof has been filed. We do not understand that the objection raised by the plaintiffs in error is in the nature of a denial of the execution of a written instrument, as alleged in the answer. It is simply denying that the paper, as executed, was a legal transfer on the part of a corporation, and this, we take it, would not be within the rule relative to the denial of the execution of written instruments.

We are of the opinion, however, that said deed is not void for either of the first two reasons. urged. The record discloses that the by-laws of the Leoti State Bank provided for the election of a vice-president, and the record further discloses that, at the time of the execution of the deed of assignment, the president of said bank was absent from the state. Under such circumstances it was perfectly competent for the vice-president and secretary to execute the deed in question. Nor do we think that because the corporate seal was not attached to the instrument the deed was necessarily void. The rule in such cases is, that where a *bona fide* intention of a corporation was to make a deed of general assignment, and the same was made for the benefit of all creditors, and only lacked the seal of the corporation, such seal might be ordered attached to the instrument rather than to declare the same void. (1 Lawson, Rights, Rem. & Pr. § 405, and cases there cited.)

The most serious question in this case is whether or not this deed was void because it preferred certain creditors. The deed itself recited that the Leoti State Bank conveyed to H. A. Platt all the property, both

real and personal — describing the same — of said bank, to be held by him in trust, and that the same should be disposed of and the proceeds used first to

" pay and discharge in full the several and respective debts, bonds, notes and sums of money due or to grow due from the said parties of the first part, or for which they are liable to the said party of the second part and the several other persons and firms designated in the schedule hereto annexed, marked schedule ' B,' together with all interest money due, or to grow due, thereon."

It further provided that, if said proceeds should not be sufficient to pay the persons designated in schedule " B " in full, then such persons so named should be paid *pro rata*. The deed provided further that, after the payment of the persons designated in schedule " B," the remainder of the net proceeds of the property conveyed should be used for the purpose of paying and discharging all other corporate debts and liabilities to such extent as such remainder would pay the same. It would seem that there can be but one construction given to this deed, and that is, that it attempts to prefer one class of creditors to another, for it distinctly provides that the claims set forth in schedule " B " shall be first paid, and that no other claims are to be paid until the claims so scheduled have been fully satisfied. Is this permissible under our statute? In the case of *National Bank v. Sands*, 47 Kan. 591, and *Brigham v. Jones*, 48 id. 162, the rule is laid down that where a general assignment is made by an insolvent debtor for the benefit of his creditors, and the deed of assignment contains a clause directing the trustee to distribute the estate in a manner inconsistent with the statute, such clause does not avoid the conveyance, but should be treated as a nullity by the assignee, and the estate distributed by him

as the statute prescribes.   In the absence of fraud, therefore, a preference of creditors expressed in the deed of assignment is a mere nullity, and the record in this case does not in our opinion bear out the contention made by the plaintiff in error that the assignment in this case was made with fraudulent intent.

It follows from what has been said that the judgment of the district court must be affirmed.   It is so ordered.

All the Judges concurring.