No. 25,645.

W. E. Simmons, *Appellee*, v. L. W. Vawter (J. E. Whitmer, as Trustee in Bankruptcy, substituted), *Appellants*.

No. 26,160.

W. E. Simmons, *Appellee*, v. (L. W. Vawter, *Defendant*) Charles R. Waltmire, Intervenor, *Appellant*.

No. 26,417.

W. E. Simmons, *Appellee*, v. (L. W. Vawter, *Defendant*) J. E. Whitmer, as Trustee in Bankruptcy, *Appellant;* Leonard F. Vawter, Garnishee, *Appellee*.

SYLLABUS BY THE COURT.

1. ASSIGNMENT—*Requisites and Sufficiency.* An agreement by a vendor of real property with his vendee that the vendor will, out of the money received from the vendee, pay a note of the vendor to a third party does not constitute an assignment of the amount necessary to pay the note where the vendee is not in any way interested in the payment of the note.

2. BANKRUPTCY — *Garnished Funds — Attaching Outside Four-months Period.* The rights of a garnishment creditor in garnished funds are paramount to the rights of a trustee in bankruptcy of the defendant in the action in which the garnishment proceedings are instituted, where the garnishment lien attaches more than eight months before the petition in bankruptcy is filed.

3. SAME—*Garnished Funds of Bankrupt—Rights of Trustee.* An action was commenced to recover the balance of the purchase price of the sale of real property. Garnishment proceedings were instituted and a debtor of the defendant was garnished. Afterward the defendant was adjudged a bankrupt. *Held,* that the trustee in bankruptcy is not entitled to an order directing the garnishee to pay money into court for the benefit of the trustee.

Appeals from Shawnee district court, division No. 2; George H. Whitcomb, judge; James A. McClure, judge *pro tem.* Opinion filed June 6, 1925. Affirmed.

*Alfred N. Gossett, Edgar C. Ellis, Roy K. Dietrich,* and *Frank E. Tyler,* all of Kansas City, Mo., for appellant J. E. Whitmer; *D. R. Hite,* and *Maurice D. Freidberg,* both of Topeka, for appellant Charles R. Waltmire, and appellee Leonard F. Vawter.

*Frank G. Drenning,* of Topeka, for appellee W. E. Simmons.

The opinion of the court was delivered by

Marshall, J.: On June 28, 1923, W. E. Simmons sued L. W. Vawter to recover $2,300, the balance of the purchase price of real

property sold by Simmons to Vawter. Garnishment proceedings were instituted, and Leonard F. Vawter was garnished on June 28, 1923. Charles R. Waltmire intervened in the garnishment proceeding and claimed the funds garnished had been assigned to him. On March 27, 1924, L. W. Vawter was adjudged a bankrupt, and J. E. Whitmer was appointed trustee in bankruptcy. The petition in bankruptcy was filed on March 21, 1924. J. E. Whitmer, as trustee, was made a party to the action, and on May 21, 1924, entered her appearance, and on September 24, 1924, filed an answer, in which she claimed that any money owing from Leonard F. Vawter to L. W. Vawter was a part of the bankrupt estate, and afterward asked that Leonard F. Vawter be directed to pay such money into court for the trustee. Judgment was rendered in favor of the plaintiff against L. W. Vawter for $2,300. An order was made directing Leonard F. Vawter to pay the amount due from him to L. W. Vawter into court to satisfy the judgment in favor of the plaintiff. The motion of Charles R. Waltmire to have that money paid into court for his benefit was denied. The application of J. E. Whitmer to have the money paid into court by Leonard F. Vawter and then paid over to the trustee in bankruptcy was also denied. L. W. Vawter appealed from the judgment in favor of Simmons; that appeal is case No. 25,645 in this court. Charles R. Waltmire appealed from the judgment denying his motion to have the money paid into court for his benefit; that appeal is case No. 26,160 in this court. J. E. Whitmer appealed from a judgment denying her application to have the money paid into court for the benefit of the estate in bankruptcy; that appeal became case No. 26,417 in this court.

By stipulation in this court, J. E. Whitmer, as trustee in bankruptcy, has been substituted as appellant in place of the defendant, L. W. Vawter, in case No. 25,645. No brief has been filed by L. W. Vawter. The validity of the judgment in favor of the plaintiff and against L. W. Vawter is not now questioned.

1. The claim of Charles R. Waltmire is based on a contract for the sale of land by L. W. Vawter and his wife to Leonard F. Vawter, by which the latter agreed to pay the former the sum of $5,100 in cash for the land and to pay a mortgage of $1,900 against a part of the land. The contract contained the following provision:

"Party of the first part [L. W. Vawter] agrees to pay all taxes that are now a lien against his land; also to pay Chas. R. Waltmire in full for note

of $1,500, said note being signed by himself and Mary E. Vawter, from the proceeds of this sale."

Charles R. Waltmire contends that this provision of the contract constituted an assignment to him of enough of the proceeds of the sale to pay his $1,500 note. The purchaser, Leonard F. Vawter, had not agreed to pay Charles R. Waltmire. The seller stipulated that he would pay the note made by him to Charles R. Waltmire out of the proceeds arising from the sale of this land. L. W. Vawter agreed to pay the debt owing by him out of his own money. There was nothing to indicate an assignment to Waltmire of any part of the proceeds arising from the sale. Waltmire had no right of action against Leonard F. Vawter, because he had not agreed to pay Waltmire anything. L. W. Vawter, the vendor of the real property, had not agreed that his vendee, Leonard F. Vawter, might take a part of the purchase price of the land and apply it on the note previously made to Charles R. Waltmire. The contract did not constitute an assignment to Charles R. Waltmire of any part of the claim of L. W. Vawter against Leonard F. Vawter. There having been no assignment, Waltmire's claim to the proceeds must fail.

2. The appointment of J. E. Whitmer as trustee in bankruptcy for L. W. Vawter, and the substitution of the trustee for L. W. Vawter in the appeal of the latter, places all his rights in the hands of the trustee. After that substitution and after the failure of the contention of Charles R. Waltmire, the claim of the trustee became adverse to that of the plaintiff, who claimed by virtue of the garnishment, while the trustee claimed under the bankruptcy proceeding. Which is paramount?

The pertinent statute of the bankruptcy law, as found in the U. S. Compiled Statutes of 1918, Compact Edition, section 9651, subdivision F, in part reads:

"That all levies, judgments, attachments or other liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt."

That statute does not exclude liens obtained by statutory proceedings more than four months prior to the filing of the petition in bankruptcy. In the present action the garnishment lien attached more than eight months before the petition in bankruptcy was filed. It follows that as between the plaintiff and the trustee, the lien of the plaintiff is paramount to the claim of the trustee.

3. The court, in denying the application of J. E. Whitmer to have the money owing by Leonard F. Vawter to L. W. Vawter paid into court for the trustee, held that she was "not entitled to an order requiring Leonard F. Vawter to pay money into court to be paid to said trustee, but said trustee must bring an independent suit to recover the balance due and the interest." Attention is called to the nature of the present action. It is one by W. E. Simmons against L. W. Vawter to recover the balance of the purchase price of real estate. Leonard F. Vawter was garnished. There is no statutory authority for adjudicating, in this action, any controversy between L. W. Vawter and Leonard F. Vawter concerning the indebtedness from the latter to the former.

Three statutes, sections 60-948, 60-950 and 60-956 of the Revised Statutes, should be noticed. Section 60-948 reads:

"The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, unless the plaintiff shall within twenty days serve upon the garnishee a notice in writing that he elects to take issue on his answer; in which case the issue shall stand for trial as a civil action, in which the affidavit on the part of the plaintiff shall be deemed the petition, and the garnishee's affidavit the answer thereto. The plaintiff may in all cases move the court, upon the answer of the garnishee, and of the defendant, if he shall also answer, for such judgment as he shall be entitled to thereon, but any such judgment shall be no bar beyond the facts stated in such answer."

Section 60-950 reads:

"The defendant may in all cases, by answer duly verified, to be served within twenty days from the service of the garnishee summons on him, defend the proceedings against any garnishee, upon the ground that the indebtedness of the garnishee, or any property held by him, is exempt from execution against such defendant, or for any other reason is not liable to garnishment; or upon any ground upon which a garnishee might defend the same; and may participate in the trial of any issue between the plaintiff and garnishee for the protection of his interests. And the garnishee may, at his option, defend the principal action for the defendant, if the latter does not, but shall be under no obligations so to do."

Section 60-956 reads:

"No action shall be commenced by the defendant or his assignee against a garnishee upon any claim or demand liable to garnishment, or to recover any property garnished, or execution be issued upon a judgment in favor of defendant against such garnishee subsequent to the service of the garnishee summons upon him, until the termination of the garnishee action; and if an action shall have been commenced or an execution issued, it shall be stayed by the court or a judge thereof, upon the garnishee's application; except that, upon cause shown, the court or a judge may by order permit the commence-

ment of such an action, or the issue of an execution, or the further prosecution of one stayed."

These statutes contemplate that controversies between a defendant and a garnishee concerning what may be owing by the garnishee to the defendant cannot be finally litigated in the action in which the garnishment proceeding is instituted, but shall be determined in an independent action brought for that purpose. L. W. Vawter would not have been entitled to an order in this action directing the garnishee to pay into court the remainder left after discharging the claim of the plaintiff, because L. W. Vawter must look to Leonard F. Vawter for the payment of that remainder and cannot ask the court to assist in collecting it until the matter has been adjudicated. The trustee had no greater rights than L. W. Vawter.

The judgments are affirmed.