No. 39,158

JOHN HENRY REED, *Plaintiff, Appellee,* v. GERTRUDE ZIEGLER, *Defendant, Appellee,* CENTRAL NATIONAL INSURANCE COMPANY, *Garnishee-Appellant.*

(265 P. 2d 855)

Opinion filed January 23, 1954.

*John A. Bausch,* of Topeka, argued the cause, and *L. M. Ascough* and *C. K. Sayler,* both of Topeka, were with him on the brief for defendant appellee and garnishee-appellant.

*J. L. Denefe,* of Topeka, argued the cause and was on the brief for plaintiff appellee.

The opinion of the court was delivered by

HARVEY, C. J.: The appeal in this case is from an order of the district court overruling a demurrer filed by garnishee who had denied liability to an answer of the principal defendant. The facts disclosed by the record may be stated as follows:

The plaintiff Reed obtained a judgment against the defendant Ziegler on October 17, 1951, for $923.40, and cost, for damages arising out of an automobile accident. On December 27, 1951, the

plaintiff caused an execution to be issued against the defendant Ziegler which was later returned unsatisfied. On December 20, 1951, plaintiff filed his garnishment affidavit and caused summons to be issued against the Central National Insurance Company, also against the principal defendant Ziegler; on December 26, 1951, the insurance company answered denying liability; later ·the plaintiff notified the garnishee that he elected to take issue with the garnishee's answer; on January 16, 1952, the defendant Ziegler filed an answer claiming the garnishee was liable to her and on October 1, 1952, filed an amended answer which was later amended on December 26, 1952. This recited that she was indebted to the plaintiff in the sum of $923.40, together with interest and cost, by reason of the judgment rendered against her on October 17, 1951, which arose out of an automobile accident which occurred on February 26, 1951; that on January 17, 1951, she applied to the agent of the Central National Insurance Company for a policy of automobile liability insurance and purchased and paid for same on that date and was advised at that time by the agent of the insurance company that the automobile liability insurance was in full force and effect as of that date; that she had never been notified of the cancellation of the policy by the insurance company; that the agent of the insurance company was also the agent and employee of the Securities Acceptance Corporation; that the payment of the insurance premium was financed by a note executed and delivered to the Securities Acceptance Corporation which note included other items in addition to the liability insurance premium; that at the time of this transaction she was not, and at no time has been, furnished an itemized statement of the charges making up the note and cannot, therefore, state the sum which was charged as a premium for the insurance policy; that no premium refund of any kind has been made to her by the insurance company; that she has not obtained credit for the money paid for the insurance, and that no liability insurance policy was ever delivered to her.

It was further alleged that about May 31, 1951, she notified the insurance company of the accident of February 26, 1951, and made demand upon it to carry out its obligations of the insurance contract, a copy of which notice was attached.

It was further alleged that the insurance company wholly failed to perform its obligation under its contract of insurance with her and as the result thereof she has two unpaid judgments against her;

one in the amount of $60, and cost in the case of *Schlink v. Ziegler* and the other in the amount of $923.40 in the case of *Reed v. Ziegler*, and that because of the unpaid judgments she has been unable to obtain a license to drive an automobile; has been damaged in her credit and reputation in the sum of $5,000.

It is further alleged that the failure of the insurance company to carry out its obligation to her she was compelled to employ an attorney to advise and defend the before-mentioned cases and that the reasonable value of the services of the attorney is $500. The prayer was for judgment of $5,000 and attorney's fees, and costs.

To the amended answer the insurance company filed a demurrer upon the ground that the action was improperly joined. This demurrer was considered by the court and overruled on April 10, 1953, and the insurance company filed a timely appeal.

In *Lewis v. Barnett*, 139 Kan. 821, 33 P. 2d 331, it was held: "A claim for damages in tort for the negligence of another does not become a debt under the garnishment statute of this state until it is merged into a judgment." The court also held: "A claim for damages in tort for the negligence of another is not a contingent liability, as included and mentioned in the garnishment statute of this state."

This case was also printed in 93 A. L. R. 1082, and is followed by annotation (p. 1088) where it is said: "Since the garnishment statutes generally limit the process in one way or another to debts, they are generally held not to cover unliquidated claims." This is followed by a large number of citations from the federal, state and Canadian courts which cover the field quite thoroughly. It is also cited with approval in *Lechleitner v. Cummings*, 160 Kan. 453, (p. 458), 163 P. 2d 423.

The claim set up in the answer of the defendant Ziegler, above summarized, is a common law action for unliquidated damages for the violation of contract and sounds in tort. This is not a proper action for the principal debtor to file in a garnishment proceedings.

In *Simmons v. Vawter*, 118 Kan. 637, 237 Pac. 71, where some similar claim was sought to be adjudicated the court (p. 640) copied several sections of our statute pertaining to garnishments and (p. 641) used this language:

"These statutes contemplate that controversies between a defendant and a garnishee concerning what may be owing by the garnishee to the defendant cannot be finally litigated in the action in which the garnishment proceeding

is instituted, but shall be determined in an independent action brought for that purpose."

In *State Bank of Dodge City v. McKibben,* 146 Kan. 341, 70 P. 2d 1, it is said:

"A proceeding in garnishment is a special and extraordinary remedy, and it must be strictly followed and diligently pursued, otherwise it will not be given effect to reach the assets of a debtor in the hands of a third party. (Hutchinson v. Nelson, 63 Kan. 327, 65 Pac. 670; 28 C. J. 25.)"

In *Cole v. Thacker,* 158 Kan. 242, 250, 146 P. 2d 665, the court had occasion to say, ". . . A proceeding in garnishment is a special and extraordinary remedy given by statute and can be resorted to only under the conditions and procedure expressly authorized by the statute. . . ." There are many cases to the same effect.

Counsel for appellee in this court refer us to our statute G. S. 1949, 60-710 and 60-711, as to what may be included in an answer and a counter-claim. These are sections pertaining to civil actions generally. The portions of our statute pertaining to garnishment proceedings are found in our statute G. S. 1949, 60-940 to 60-965. Garnishment proceedings are entirely statutory and the statute pertaining to garnishment proceedings governs this case rather than the sections pertaining to the civil actions generally.

We have examined the cases cited by counsel for appellee; *Dalsing v. Leib,* 116 Kan. 44, 225 Pac. 1074; *Johnson v. Keeler,* 46 Kan. 304, 26 Pac. 728; and *Venable v. Dutch,* 37 Kan. 515, 15 Pac. 520. Each of these cases deals with a question under our statutes pertaining to civil actions generally. The garnishment statutes are not involved in any of the cases.

The demurrer in this case was upon the ground that the cause of action is improperly joined. This is one of the grounds for a demurrer authorized by G. S. 1949, 60-705. When a demurrer is sustained upon that ground the party who filed the pleading to which the demurrer was sustained may be permitted to file it as a separate petition without further service. See, G. S. 1949, 60-709.

The result of what we have said requires that the judgment of the trial court overruling the demurrer must be reversed. It is so ordered.