No. 41,542

Evelyn Domann, *Appellee*, v. Charles Pence and William Moon, Defendants, Farmers Mutual Automobile Insurance Company, Garnishee, *Appellant*.

(347 P. 2d 373)

Opinion filed December 12, 1959.

*J. W. Lowry,* of Atchison, argued the cause, and *Steadman Ball, William E. Stillings,* and *Robert D. Caplinger,* all of Atchison, were with him on the briefs for the appellant.

*Harold E. Doherty,* of Topeka, argued the cause, and *William C. Leech,* of Oskaloosa, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: This is a garnishment proceeding arising out of a negligence action which resulted in a verdict and judgment in the district court of Jefferson County against the defendant Charles Pence in the amount of $29,450.00. The judgment was affirmed in this court on appeal and is reported in *Domann v. Pence,* 183 Kan. 135, 325 P. 2d 321, where all facts necessary to a proper understanding of that decision are set forth at length and will not be repeated.

Subsequent salient facts giving rise to the present appeal may be stated thus:

After affirmance of the judgment in *Domann v. Pence,* supra, the plaintiff filed an affidavit for garnishment after judgment in the district court of Jefferson County in the same action wherein, after reciting the judgment and issuance of an execution thereon, alleged to have been returned wholly unsatisfied, she stated that plaintiff had good reason to and did believe that the Farmers Mutual Automobile Insurance Company, a corporation, of Madison, Wisconsin, with authority to do business in the state of Kansas, had property of the defendant Pence in its possession or under its control and was indebted to such defendant in the sum of $30,000.00 by reason of certain policies of insurance, describing them; and asked for service of garnishment summons on such company requiring it to answer concerning such property and indebtedness.

Following service of garnishment summons, and on December 5, 1958, the company filed an answer in the form of an affidavit as authorized by G. S. 1949, 60-946. For all purposes here pertinent it may be said such answer sets forth the judgment; admits that at the time of the rendition thereof the company had a policy of insurance on the automobile involved in the action, wherein and whereby it undertook to indemnify the driver of the insured automobile against loss by bodily injury by the driver of said automobile, to the extent of $15,000.00, costs taxed against the insured, and interest on the entire judgment until the face amount of the policy had been paid; makes the insurance policy a part of the answer; asserts that, subsequent to the affirmance of the judgment, and on June 16, 1958, it had paid, pursuant to the demands of such policy, to the clerk of the district court of Jefferson County the sum of $15,000.00 and interest in the sum of $1,638.07 and costs in full on the judgment; alleges that on October 27, 1958, the date on which it was served with garnishment summons, the company was not then or thereafter in any manner or account indebted, liable or under liability to the defendant Charles Pence; denies that on the date of the issuance of such summons or on the filing of its answer it had in its possession or under its control any real estate, personal property, effects or credits of any description belonging to such defendant or in which he had any interest; avers that it was in no manner liable as garnishee in the action; and prays that the garnishment be dissolved.

On December 19, 1958, the plaintiff filed an instrument titled

"Exceptions to Answer of Garnishee," no part of which has been abstracted. Thereafter, and on February 16, 1959, she filed another instrument titled "Amended Exceptions to Answer of Garnishee." In substance this amended instrument asserts that under the terms of the policy it was the duty of the company to investigate and defend the defendant Pence; alleges several grounds of negligence and bad faith on the part of the company in the investigation of the case, in the preparation for trial and in the trial itself; and requests the trial court to either direct the garnishee to pay the excess of the judgment over policy limits or to set the same down for jury trial to try the issues of good faith and negligence in the investigation and the trial of the cause.

The garnishee filed a demurrer to the plaintiff's exceptions to its answer, based on the ground it appeared from the face thereof that such exceptions to the answer did not state facts sufficient to justify or support the relief requested for reasons which, so far as here pertinent, were that the court had no jurisdiction of the garnishee or jurisdiction to grant the relief requested in an extraordinary proceeding; that the plaintiff was not the real party in interest in the question sought to be raised by said exceptions; and that such exceptions failed to state facts sufficient to constitute a cause of action in an extraordinary proceeding.

Thereafter the trial court permitted the demurrer to the amended exceptions to be presented and argued and, after consideration thereof, held that such demurrer should be overruled.

Thereupon the garnishee gave notice it was appealing from the order overruling its demurrer to the amended exceptions to its answer and now seeks appellate review of that order.

In the face of the related facts, the provisions of our garnishment statute, our decisions construing their force and effect, and an issue raised by the appellee challenging the present appeal, we are confronted with a question pertaining to practice and procedure in garnishment proceedings which we believe must be considered and determined before any consideration is given to numerous questions raised by both the appellant (garnishee) and the appellee (garnisher) relating to the merits of their respective rights on final determination of the involved garnishment claim.

In giving consideration to the foregoing question it may be stated:

1. That, as stated, the precise issue raised by appellee in the form of a claim the appeal should be dismissed is that under the provisions

of G. S. 1949, 60-948, issues had already been joined by the parties on the vital question involved in the garnishment proceeding, hence the trial court properly overruled the demurrer on that basis. We take note that inherent in such claim is the additional proposition and real issue, which must be decided, whether under our garnishment statute and decisions construing the force and effect to be given provisions thereof, hereinafter specifically mentioned, pleadings are limited as therein indicated and cannot be extended at the whim and will of the parties, to authorize or permit additional hybrid pleadings such as a demurrer to amended exceptions to a garnishee's answer.

2. That the portions of our statute pertaining to garnishment proceedings are found in G. S. 1949, 60-940 to 60-965, incl., and that the provision thereof, particularly important in determining the question now under consideration, is section 60-948, pertinent portions of which read:

"The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, unless the plaintiff shall within twenty days serve upon the garnishee a notice in writing that he elects to take issue on his answer; *in which case the issue shall stand for trial as a civil action, in which the affidavit on the part of the plaintiff shall be deemed the petition, and the garnishee's affidavit the answer thereto. . . .*" (Emphasis supplied.)

In connection with the section of the statute from which we have just quoted it is interesting and, from the standpoint of legislative intent, of some importance to note that the provisions of section 60-945 are of like import and provide that, where the garnishee files an affidavit in the format therein described and the plaintiff serves notice he elects to take issue on his answer as garnishee, and will maintain him to be liable as garnishee, such issue shall stand for trial as a civil action, *in which the affidavit on the part of the plaintiff shall be deemed the petition and the garnishee's affidavit the answer thereto.* Thus it appears, from the clear, unequivocal and distinct provisions of the garnishment statute itself, that, when joined as above indicated, the issue of indebtedness or no indebtedness in a garnishment proceeding stands for trial as a civil action.

3. That, under our decisions, there can be no question respecting the status of a garnishment proceeding under our garnishment statute. See, e. g., *Cole v. Thacker,* 158 Kan. 242, 146 P. 2d 665, where it is said:

". . . A proceeding in garnishment is a special and extraordinary remedy given by statute and can be resorted to only under the conditions and procedure expressly authorized by the statute. The statutory conditions for its exercise are conclusive, and exclusive of all others, and cannot be extended to cover general procedural conditions and situations otherwise provided for by the statute. . . ." (p. 250.)

See, also, *Reed v. Ziegler*, 175 Kan. 635, 265 P. 2d 855, and decisions there cited, where it is held:

"Garnishment is a special and extraordinary remedy given by statute and the procedure is governed by G. S. 1949, 60-940 to 60-965." (Syl. ¶ 1.)

And in the opinion said:

". . . The portions of our statute pertaining to garnishment proceedings are found in our statute G. S. 1949, 60-940 to 60-965. Garnishment proceedings are entirely statutory and the statute pertaining to garnishment proceedings governs this case rather than the sections pertaining to the civil actions generally." (p. 638.)

And see *Reese v. Platt*, 4 Kan. App. 801, 44 Pac. 31 and 46 Pac. 990, also dealing with a garnishment proceeding, which holds:

"Where, in any form of action or special proceeding, the statute prescribes certain pleadings to present the issues therein, no other pleadings are necessary." (Syl. ¶ 1.)

Under the existing facts and circumstances, which will not be repeated because they have already been stated at length, the clear and unequivocal provisions of the statute granting the special and extraordinary remedy of garnishment, and the authorities to which we have heretofore referred, we are inclined to the view that a demurrer is an unauthorized and therefore improper pleading under our law in a garnishment proceeding. Even so we are not required to base that view entirely upon what has been heretofore stated and held. Long ago in *Chambers v. Bane*, 91 Kan. 88, 136 Pac. 923, while dealing with a problem quite similar from the standpoint of sections of our statute and legal principles involved, we held:

"An order made on motion of a defendant setting aside service by publication, on the ground that the garnishee is not indebted to him, is erroneous where the question of such indebtedness is pending for trial upon an issue made between the plaintiff and the garnishee in proceedings relating to garnishment as provided in sections 228 to 248 [now G. S. 1949, 60-940 to 60-960, incl.] of the civil code." (Syl.)

And in the opinion said:

"The statute authorizing proceedings against garnishees provides that where a garnishee denies the indebtedness alleged in the plaintiff's affidavit, the plaintiff may take issue upon the answer, which issue shall stand for trial

as a civil action. The trial of this issue is between the plaintiff and the garnishee, wherein the affidavit of the plaintiff upon which the garnishment is founded is deemed the petition and the garnishee's affidavit of nonliability the answer thereto. (Civ. Code, §§ 228-248 [now G. S. 1949, 60-940 to 60-960, incl.].) The rights given by the statute are substantial, and a plaintiff is entitled to the remedies which it prescribes. The question of indebtedness upon which his right to hold the garnishee liable depends should be determined in the trial provided by the statute, and not upon a motion between the parties to the principal action. It should be observed that section 238 of the statute referred to in express terms provides that a defendant in such an action may intervene and defend in the proceedings against the garnishee upon any ground available to the garnishee. If there was any sufficient reason why the defendant should seek to prove that the garnishee was not in fact indebted to him, this section afforded the opportunity where the issue could be tried in the regular way." (p. 90.)

Therefore, based on the foregoing decision and what has been heretofore stated and held, we hold that the trial court should have overruled the demurrer on the ground it was an improvident and improper pleading, not authorized by statute in a garnishment proceeding, and required the parties to proceed with the trial of the garnishment issue as the statute (G. S. 1949, 60-948) requires. It follows the order overruling such demurrer must be affirmed as modified and the cause remanded with directions to the trial court to try and dispose of the garnishment issue as a civil action in which the affidavit on the part of the appellee (garnisher) shall be deemed the petition and the appellant's (garnishee) affidavit the answer thereto.

In reaching the conclusion just announced we have not overlooked but disregarded suggestions made in appellant's brief that *Simmons v. Vawter,* 118 Kan. 637, 237 Pac. 71 and *Reed v. Ziegler,* supra, recognize demurrers filed by the garnishee in a case where garnishment proceedings are involved. Resort to the Simmons case, at page 641 of the opinion, and the Reed case, at page 637 of the opinion, will immediately disclose that those cases do not purport to hold that, as between the garnisher and the garnishee, a demurrer to the pleadings contemplated by 60-948, *supra,* was proper or authorized under the statute. Quite to the contrary each case reveals that the principal defendant, who under the provisions of G. S. 1949, 60-951, was one of the parties defendant in the garnishment proceeding, was attempting to set up a separate cause of action in his answer, in the nature of a cross-petition or counterclaim, against his co-defendant the garnishee. We held such a claim was not a proper action for the principal debtor to file in a garnishment proceeding, hence a de-

murrer was good against his answer under provisions of the code of civil procedure having nothing to do with the garnishment proceeding.

Nor have we been unmindful that in the briefs of the parties there is much argument concerning the fact of the alleged indebtedness of the garnishee. In view of contentions the merits of questions touching on those issues should be here considered we deem it proper to point out they are not now subject to review and that in the disposition of this appeal we have purposely refrained from discussing them or making reference to divers cases relied on which may have some bearing on the respective rights of the parties if and when this case is tried by the trial court upon the merits of the appellee's affidavit and the appellant's answer as required by the statute. All we here hold is that the demurrer was unauthorized and improper in the garnishment proceeding and should have been overruled on that basis.

As modified the order is affirmed with directions to the trial court to proceed in conformity with the views herein expressed.