(987 P.2d 1105)

No. 80,944

STEPHANIE J. VANOVER, *Appellee*, v. EDWARD J. VANOVER, *Appellant*.

Opinion filed May 28, 1999.

*James E. Rumsey*, of Lawrence, for the appellant.

*Robert D. Hecht* and *Deborah L. Hughes*, of Scott, Quinlan & Hecht, of Topeka, for the appellee.

Before LEWIS, P.J., GREEN and KNUDSON, JJ.

LEWIS, J.: In this garnishment action, Stephanie J. Vanover garnished funds owing by Edward J. Vanover. The funds were owed to Stephanie from unpaid judgments for attorney fees, alimony, and child support. Stephanie was successful, and Edward appeals.

In 1976, Edward and Stephanie were divorced. At that time, Edward was ordered to pay $150 per month in child support and $50 in spousal maintenance.

In 1983, Edward and Stephanie entered into an agreement, whereby Stephanie agreed to defer and forebear the enforcement of her child support judgment and her maintenance judgment until Edward had concluded litigation against Kansas City Life Insurance Company, his former employer. This agreement, while not filed of record, is shown by written correspondence between the parties. In consideration for the agreement on Stephanie's part to defer her collection of amounts owed to her, Edward agreed that, upon the conclusion of his lawsuit, he would pay $200 per month child support.

In September 1996, Edward prevailed in his lawsuit against Kansas City Life and recovered a judgment in the amount of $1,400,250.

This lawsuit arises under circumstances which make it appear that Edward is attempting to take advantage of Stephanie's agreement to defer the collection of judgments. The fact is, in the litigation, Edward takes the position that the past due judgments for maintenance and child support became dormant and are void and uncollectible. These are the same judgments that Stephanie agreed to forego collection on until Edward finished his litigation.

We are uncertain as to Edward's motivation in this matter. Ultimately, the trial court awarded Stephanie judgment in the amount of $64,646.82, along with $11,000 in attorney fees. These amounts were ordered garnished by the trial court.

At or shortly after he filed his notice of appeal, Edward was required to post a supersedeas bond. He did so, and per his own request, part of the condition of the supersedeas bond was that the court distribute $21,800 from the garnished funds to Stephanie, with $11,800 of those funds to be applied to the principal of child support and alimony owing to her and $10,000 of said funds to be applied to accrued interest.

If we were to reach the merits of Edward's arguments concerning dormancy of the judgments for child support and alimony, we would, in all probability, conclude that by his conduct he would be

estopped to raise the dormancy issue. See, *e.g.*, *Robinson v. Shah*, 23 Kan. App. 2d 812, 936 P.2d 784 (1997). However, we do not reach the merits of that issue.

We conclude that the payments directed by Edward on the judgments entered against him amounted to an acquiescence in those judgments.

Acquiescence in a judgment cuts off the right of appellate review. We say so because acquiescence is simply the voluntary compliance with all or part of the judgment. In order for us to find that a party has acquiesced, it must be shown that the party has either assumed burdens or accepted burdens of the judgment which is being contested. *Younger v. Mitchell*, 245 Kan. 204, 206-07, 777 P.2d 789 (1989). It is clear in this state that a party who voluntarily complies with a judgment cannot thereafter adopt an inconsistent position and appeal that judgment. *Troyer v. Gilliland*, 247 Kan. 479, Syl., 799 P.2d 501 (1990).

On one hand, Edward would attempt to convince us that he is excused from paying any unpaid child support and alimony because the judgments were dormant. On the other hand, Edward paid $21,800 on the judgment entered by the trial court. The voluntary partial payment of a judgment constitutes acquiescence. *Varner v. Gulf Ins. Co.*, 254 Kan. 492, 866 P.2d 1044 (1994).

Whether in a particular case a payment is voluntary depends upon the facts of the case, and the issue is whether there is an intention on the part of a payor to waive his or her legal rights. *Younger v. Mitchell*, 245 Kan. at 209. The mere fact that payment was made following the issuance of execution does not render the payment involuntary. *Vap v. Diamond Oil Producers, Inc.*, 9 Kan. App. 2d 58, 60, 671 P.2d 1126 (1983). Although Edward did make an effort to halt the execution on the judgment for the purposes of appeal, he inserted a condition of partial payment on the judgment to become part of his supersedeas bond. The condition was contained in the motion for the bond drawn up by Edward's counsel, and the notice of partial satisfaction of the judgment served upon Edward stated that the payment was "pursuant to the oral requests of the defendant." Edward's voluntary partial payment of the child support or maintenance judgment clearly constituted ac-

quiescence as to those parts of the judgment involving child support and maintenance.

Stephanie's attorney in this case argues that we should not reach the issue of acquiescence. We disagree. The acquiescence is plain and obvious, and we will not and cannot ignore it.

The judgment in this case was at least three-fold. There was a judgment for past due child support, a judgment for past due maintenance, and a judgment for attorney fees. We hold that Edward has acquiesced in the judgment for child support and maintenance, but he has made no payment on the judgment for attorney fees entered in this action. "Where a judgment or decree involves distinct and severable matters, demands or issues, an acceptance of the burdens or benefits of one or more parts thereof will not prevent an appeal as to the remaining contested matters, demands or issues." *McDaniel v. Jones*, 235 Kan. 93, Syl. ¶ 2, 679 P.2d 682 (1984).

The trial court awarded Stephanie $11,000 in attorney fees pursuant to K.S.A. 1998 Supp. 60-1610(b)(4). That provision allows costs and attorney fees to be awarded to either party as justice and equity require.

Edward argues that 60-1610(b)(4) cannot have application to a proceeding in garnishment. This argument is based primarily on the following statement in the Supreme Court opinion of *Bollinger v. Nuss*, 202 Kan. 326, 342, 449 P.2d 502 (1969): "A proceeding in garnishment is regarded as a special and extraordinary remedy provided by statute. *The statutory provisions governing the exercise of such a proceeding are conclusive and exclusive of all other provisions of the code of civil procedure pertaining to civil actions generally.*" (Emphasis added.) (Citing *Domann v. Pence*, 185 Kan. 702, 347 P.2d 373 [1959]; *Reed v. Ziegler*, 175 Kan. 635, 265 P.2d 855 [1954]; *Cole v. Thacker*, 158 Kan. 242, 146 P.2d 665 [1944].)

Based on *Bollinger*, Edward argues that the only authority for awarding attorney fees in a garnishment is K.S.A. 1998 Supp. 60-721(a)(5), which allows attorney fees to a garnishee owner.

*Bollinger* is 30 years old, but we believe it is still the law of this state. It is true that certain exceptions to that rule have been crafted by the court, but they do not control the issue raised in this action.

Stephanie argues that the decision has been overruled; we disagree, and can find no decision of the Kansas Supreme Court specifically overruling *Bollinger* or disapproving of the same.

In *Coleman v. Holecek*, 542 F.2d 532 (10th Cir. 1976), attorney fees were awarded in a garnishment action under K.S.A. 40-256. The insurance company, the garnishee, appealed, arguing that under *Bollinger*, the award of attorney fees under K.S.A. 40-256 was improper. The federal court disposed of *Bollinger*, stating:

"Not only is *Bollinger* questionable authority for the position taken by Allstate, the very language relied on by Allstate is inapplicable to the case at bar. *Bollinger* states only that the garnishment provisions of the code of civil procedure preempt any other provisions of the code of civil procedure. However, K.S.A. 40-256 is not part of the code of civil procedure but, rather, is found in the insurance code. The court therefore concludes that the specific provisions of 40-256 of the insurance code providing for the award of attorney's fees in cases such as this one take precedence over the more general provisions of the code of civil procedure, including the garnishment statutes found therein." 542 F.2d at 539.

It is apparent that in *Coleman* an award of attorney fees under chapter 40 was not prohibited. In this case, however, we have an award of attorney fees based on 60-1610, which, unlike the situation in *Coleman*, is a provision of the Code of Civil Procedure.

In *Farmco, Inc. v. Explosive Specialists, Inc.*, 9 Kan. App. 2d 507, 684 P.2d 436 (1984), we followed the decision in *Coleman* and allowed an award of attorney fees under K.S.A. 40-256 and 40-2004 in a garnishment action. As with *Coleman*, the facts of *Farmco* are not controlling in this case. There is no insurance company in this case, there is no insurance contract in this case, and there is no attempt to award attorney fees under chapter 40 in this case.

The question is whether the garnishment procedure is exclusive of all of the provisions of the civil code when it comes to awarding attorney fees.

We conclude that it is. There is no doubt that the instant matter is a garnishment action, but pursuant to article 7, chapter 60 of the Code of Civil Procedure. The garnishment statutes are complete, in and of themselves, even to the extent of having their own statute providing for the allowance of attorney fees. Under these circum-

stances, it would appear that the most specific authority for the award of attorney fees in this case would be 60-721(a)(5). However, that statute would not allow attorney fees to be awarded as they were by the trial court.

We do not believe that the award of attorney fees under K.S.A. 1998 Supp. 60-1610(b)(4) was appropriate. That statute starts by providing:

"A decree in an action *under this article* may include orders on the following matters:

. . . .

"(4) Costs and attorney fees may be awarded to either party as justice and equity require. The court may order that the amount be paid directly to the attorney, who may enforce the order in the attorney's name in the same case." (Emphasis added.)

A careful reading of the statute reveals that an action "under this article" is and can only be an action under article 16 of chapter 60 of the Kansas Statutes Annotated. This case is an action litigated under article 7 of chapter 60 of the Kansas Statutes Annotated. We conclude that by its own terms, 60-1610(b)(4) cannot be used to award attorney fees in a garnishment action.

We also hold that under *Bollinger*, the garnishment statutes "are conclusive and exclusive of all other provisions of the code of civil procedure pertaining to civil actions generally." 202 Kan. at 342. This, of course, means that the garnishment statute providing for the award of attorney fees is exclusive and takes precedence over the provisions of 60-1610(b)(4).

Edward's appeal of the trial court's award for unpaid alimony and child support is dismissed for lack of jurisdiction due to the acquiescence of judgment. The trial court's award of attorney fees is reversed.

Dismissed in part and reversed in part.