(87 P.3d 989)

No. 90,260

G.L. MACRAY, *Appellee,* v. CLUBS, INC., and CHAD WALDROP, *Appellants.*

Opinion filed April 16, 2004.

*David M. Bryan,* of Kansas City, Missouri, for appellants.

*Michael J. Peterson,* of Kansas City, for appellee.

Before MALONE, P.J., MARQUARDT and HILL, JJ.

MARQUARDT, J.: Clubs, Inc. and Chad Waldrop (collectively, "Clubs") appeal the trial court's decision on an action for peaceable entry and forcible detainer brought by G.L. Macray. We reverse in part, vacate in part, and remand with directions.

On February 26, 2000, Clubs and Macray entered a commercial lease for a 2½ year term, to expire on November 25, 2002. The lease contained an option to renew.

According to Macray's records, by October 2002, Clubs was approximately $24,000 in arrears on rent payments. Macray filed a Chapter 61 action for peaceable entry and forcible detainer. At the same time, Macray sent Clubs a "Notice to Quit." Macray informed Clubs that the lease would not be renewed and demanded that Clubs vacate the property immediately.

Waldrop threatened to burn down the building. Macray obtained an order in October 2002 restraining Waldrop from entering the property.

On October 30, 2002, Macray agreed to delay court proceedings provided that Clubs pay $12,000 cash forthwith and deliver an au-

tomobile to Macray to be held until the remaining $12,000 was paid. The remaining $12,000 was due by November 25, 2002.

A hearing was held on November 13, 2002, and Clubs did not appear. The trial court granted Macray a default judgment. Macray was granted possession of the property as of 12:01 a.m. on November 26, 2002, $21,000 in damages, and ownership of the automobile. Due to the prior agreement between Macray and Clubs, the default judgment was set aside. The trial court ordered that Clubs could remain in possession of the property until the time of trial.

In late November, Clubs attempted to negotiate a lease renewal without success. On November 24, 2002, Macray received an $1,800 check from Clubs. Clubs claimed that it was the December 2002 rent payment. The receipt for the $1,800 payment has the words "Dec Rent" written on it. Macray testified that the $1,800 payment was applied to taxes owed by Clubs.

In December 2002, the trial court ordered Macray to return the automobile to Clubs. The trial court stated, "And the $1800 for the December rent will be taken off that $12,000, unless you want to go in another year contract with him. It's going to be your decision." Regardless of the purpose of the $1,800 payment, possession of the property was returned to Macray.

At a January 2003 hearing, the trial court stated that it never found the $1,800 payment was for December rent. The trial court intended to rule that it did not know what the $1,800 payment was for, but if it was meant to be used for taxes, it was too much. Clubs timely appeals the trial court's findings.

It is undisputed that Clubs paid Macray $10,200 as ordered by the trial court, and that Macray returned the automobile to Clubs. Macray contends that this constitutes acquiescence in the judgment and the appeal should be dismissed.

Acquiescence is the voluntary compliance with all or part of the judgment. A party who voluntarily complies with a judgment cannot thereafter adopt an inconsistent position and appeal that judgment. *Vanover v. Vanover*, 26 Kan. App. 2d 186, 188, 987 P.2d 1105, *rev. denied* 268 Kan. 896 (1999).

We agree that Clubs complied with the trial court's order regarding the payment of past due rent. The issue herein is whether

Clubs' payment extended its lease, giving it a right to continue its occupancy of the leased property. Clubs argues that K.S.A. 58-2502 automatically creates a new year-to-year tenancy by operation of law because of its $1,800 payment to Macray. Clubs maintains that the trial court had no discretion to find otherwise.

At the December 10, 2002, hearing the trial court stated:

"That being said, I tend to believe that the $1800 was for December rent. I'm not going to find, however, that you are bound to this contract, other than I am going to find that there is $1200 (*sic*) back rent owed to you, Mr. MacRae—$12,000, I misspoke—$12,000 owed to you, that that $12,000 should go to you.

"You should return Mr. Waldrop's car to him. And the $1800 for the December rent will be taken off that $12,000, unless you want to go in another year contract with him."

The journal entry filed January 14, 2003, reads:

"That the Court finds that the $1,800.00 payment was for the December 2002 rent; which said rent was after the expiration of the lease. This payment is to be returned to the Defendants."

The trial judge denied signing the journal entry. At a hearing on Clubs' motion to reconsider, the trial judge noted:

"But I don't believe that I found that the $1800 was payment for December of 2002 rent. I believe that I found I didn't know who was telling the truth as far as what the rent was . . . I don't believe I made it was a finding for rent or for taxes. I just said but if it was for taxes, it was to be returned."

The hearing concluded with the trial court noting:

"I do know that I purposely did not call it rent because it would have kicked in for another year. It would just have brought up this very point. But I do also know that I don't believe I made a determination and I wasn't asked to make a determination on what it was. And I believe—and we've got a record. But I believe—and if I misspoke, what I intend to have ruled was that I didn't know what the money was for."

If the $1,800 payment had been for rent, it would automatically create a year-to-year tenancy pursuant to K.S.A. 58-2502. The record on appeal contains a document that designates the $1,800 payment as rent and the owner of the premises alleges that it was used for taxes. This case is remanded to the trial court to determine the purpose of the $1,800 payment.

Clubs also argues on appeal that there is no statutory authority for the issuance of a restraining order in a Chapter 61 case. Clubs believes that the trial court issued the restraining order without proper statutory authority.

Temporary restraining orders are creatures of statute. Given that fact, our standard of review is plenary. See *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

K.S.A. 2003 Supp. 61-2801 *et seq.* establishes the Code of Civil Procedure for Limited Actions. K.S.A. 2003 Supp. 61-2912 enumerates certain provisions of article 2 of Chapter 60 which are adopted into Chapter 61 by reference. The procedure for issuing a restraining order is not found in article 2 of Chapter 60. See K.S.A. 60-903.

However, this is an instance when the principle of *expressio unius est exclusio alterius*—inclusion of one thing implies the exclusion of another—applies. When legislative intent is in question, we can presume that when the legislature expressly includes specific terms, it intends to exclude any items not expressly included in the specific list. *In re Marriage of Killman*, 264 Kan. 33, 42, 955 P.2d 1228 (1998).

We believe that the legislature evidenced its expressed desire to adopt only certain Chapter 60 procedures into Chapter 61. It makes sense, then, that the rest of Chapter 60 has not been incorporated into Chapter 61. That would include the provision relating to the issuance of restraining orders.

We agree with Clubs' argument that the trial court has no authority to issue a restraining order under Chapter 61. The restraining order is hereby vacated.

The case is remanded to the trial court to determine the purpose of Clubs' $1,800 payment to Macray.

Reversed in part, vacated in part, and remanded with directions.